Robert **LOCKAMY** et al., Appellants,

v.

The **STATE** of Texas, Appellee.

No. 12021.

Court of Civil Appeals of Texas, Austin.

Dec. 20, 1972.

Rehearing Denied Jan. 10, 1973.

955

Steven Bercu, Travis County Legal Aid & Defender Society, Austin, for appellants.

Crawford C. Martin, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, for appellee.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Travis County denying the relief sought in a petition for writ of habeas corpus on behalf of more than five hundred juveniles in the custody of The Texas Youth Council. We will reverse that judgment.

The petitioners alleged that they had been adjudged delinquent by orders of numerous juvenile courts in ninety-five counties across Texas. They alleged further that as none of them had been afforded counsel as required by Tex.Rev.Civ. Stat.Ann., art. 2338–1, Section 7–B, and the 6th Amendment to the Constitution of the United States, they were entitled to be released.

In the hearing it was determined that none of the petitioners had counsel at the commitment proceedings. After hearing, the district court ordered released from custody of The Texas Youth Council four of the juveniles who had not been afforded counsel and who had been found delinquent by the courts of Travis County. That part of the order is not before this Court. The court further denied all relief to nineteen of the juveniles whom the evidence showed to have had the benefit of counsel in the proceedings in which they were determined to be delinquent. No complaint is made as to that portion of the order. With respect to the balance of the petitioners, the court denied all relief and remanded them to the custody of The Texas Youth Council. The remand was without prejudice to their refiling petitions for writs of habeas corpus in those counties which they were originally adjudged delinquent.

█ █ In delinquency proceedings, it is obligatory that children alleged to be delinquent be afforded the assistance of

counsel. Tex.Rev.Stat.Ann., art. 2338–1, Section 7–B, In re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527 (1967). As none of the petitioners had the benefit of counsel in those proceedings, it follows that their commitment to the custody of The Texas Youth Council was without foundation in law and void.

Although the district court was in agreement as to the invalidity of the commitment of the petitioners, nevertheless, the court denied petitioners relief for the stated reason that petitioners should have filed their petitions for writs of habeas corpus in the courts in those counties in which they originally were found to be delinquent. In support of this result the state relies on Ex parte Young, 418 S.W.2d 824 (Tex.Cr. App.1967). In that case the Court of Criminal Appeals held that a petition for writ of habeas corpus in case of a felony must be filed in the district court in the county of the conviction pursuant to Tex.Code of Crim.P.Ann., art. 11.07, rather than in the Court of Criminal Appeals as an original proceeding.

■ As delinquency proceedings are civil in nature,[1] the provisions of the Code of Criminal Procedure are not applicable, and Ex parte Young, *supra*, is neither controlling nor persuasive.

■ Any objections to venue in Travis County were waived by the failure of the state to assert them.

■ It is suggested in support of the judgment that some of the petitioners may have waived their rights to counsel and that this matter could be more easily determined by the courts in those counties in which they were found to be delinquent. We find this contention to be without merit. The statement of facts shows that the state obtained information from many of the counties which showed that the petitioners committed from those counties had not waived counsel. Moreover, the state in the hearing below had the burden of adducing proof of waiver and the stipulated statement of facts shows that the state offered no evidence showing waiver.

■ Several reasons of policy would have been served by the district court of Travis County granting the petition for writ of habeas corpus. Assuming for purposes of argument that the judgment below was affirmed and that upon remand to The Texas Youth Council, petitioners managed to file petitions for writs of habeas corpus in the committing courts in the ninety-five counties, it would seem that in the majority of instances there would be no issues for those courts to determine, and the only act to perform would be to enter an order granting the petition. This result would be an unnecessary expenditure of time and expense for both the judiciary and prosecution. More importantly, such procedures would consume many weeks or months for those illegally committed.[2]

The judgment is reversed and the cause is remanded to the trial court with instructions that judgment be entered immediately releasing petitioners from the custody of The Texas Youth Council in the manner prayed for in the petition for writ of habeas corpus.

Reversed and remanded with instructions.

1. Carrillo v. State, 480 S.W.2d 612 (Tex. 1972), State v. Thomasson, 154 Tex. 151, 275 S.W.2d 463 (1955).

2. "All that we know who lie in goal
   Is that the wall is strong;
   And that each day is like a year,
   A year whose days are long."
   Oscar Wilde, *The Ballard of Reading Goal*