**H. E. BRETZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48340.**

Court of Criminal Appeals of Texas.

April 17, 1974.

Michael R. Gibson, El Paso, for appellant.

Stephen W. Simmons, Dist. Atty., and Anita Ashton, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a purported appeal from an order of the trial court denying an application for restoration of certain property. On February 21, 1973, the applicant was tried and acquitted for the offense of "receiving and concealing" stolen property. At the conclusion of the trial, the court ordered that the property in question, nine saddles and various bridles and saddle pads, be returned to the complaining witness.

Article 5, Section 5, of the Texas Constitution, Vernon's Ann.St., provides for the jurisdiction of this Court as follows:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law."

Appellate civil jurisdiction is in the Courts of Civil Appeals and the Supreme Court of Texas.

The appellant was acquitted and there is nothing in the criminal case for him to appeal.

Article 47.02, Vernon's Ann.C.C.P., provides that "upon the trial of any criminal action for theft, or any other illegal acquisition of property which is by law a penal offense, the court trying the case shall order the property to be restored to the per-

son appearing by the proof to be the owner of the same."

■ The appeal from an order under this statute does not lie in this Court.[1]

The appeal is dismissed.

ROBERTS, Judge (concurring).

I fully concur in the result reached in this cause. Further, I feel that this case presents an excellent example of a problem often encountered in this State.

I refer to the fact that under the dichotomized system of courts of last resort in Texas, the person seeking relief may well find, despite all his good intentions, that he has placed himself before the wrong tribunal. The "purported appeal" in this cause arose out of a criminal prosecution within the State of Texas; the article entitling the victim of the offense to the restoration of this property is contained within the Code of *Criminal* Procedure for Texas. The appellant in this appeal made a good faith oral argument before this Court. Still, because of the split court system, we now send this appellant on his way to begin yet another search for the proper forum. The fact that he was before the highest criminal court in this State is of no benefit to this person seeking restoration of property.

Texas law books are replete with confusing overlap, necessitated by the two courts of last resort. For example, see Vernon's Ann.Civ.St., Art. 2338–1, Sec. 4, in reference to the proper appellate route where a juvenile is bound over to a criminal district court. [See also, Lockamy v. State, 488 S.W.2d 954 (Tex.Civ.App.—Austin 1972, no writ)].

Further, the Court of Criminal Appeals faces, each term, scores of appeals from bond forfeiture proceedings. The law requires this Court to review such appeals.

Yet, the Texas Rules of *Civil* Procedure control this Court's action in reviewing such appeals.

I would also point out that where an accused in a criminal prosecution is committed on grounds of insanity, Art. 46.02 of the Code of Criminal Procedure directs the method for post-commitment procedures and states, in part:

"(3) Both parties to such proceedings and jury trial shall have the right to appeal the judgment of the committing court to the appropriate *Court of Civil Appeals*, and such appeals, if any, shall be controlled by the Rules of *Civil Procedure*, and the Rules of Civil Procedure shall determine when the committing court's judgment is final." (emphasis added)

The situation is further confused by the fact that upon a finding of *sanity* in a trial court, the Court of Criminal Appeals will not review such a finding as a separate and appealable matter. (Though I know of no such case where a defendant has tried it, it has been speculated that an accused, upon a finding of sanity in the trial court, could conceivably attempt an appeal of such a ruling to the appropriate Court of Civil Appeals.)

When an accused seeks relief from what he considers to be an excessive delay in being brought to trial, his petition for writ of mandamus must, by law, be taken to the Supreme Court of Texas. That is true despite the fact that the defendant's ultimate appeal on any conviction is to the Court of Criminal Appeals, who, most likely, will have argued before them the contention that he was denied a speedy trial. This Court will then review such an allegation, despite the fact they had no hand in denying or granting the original writ. (The same would be true for a probationer seeking a speedy hearing on the revocation issue, even though the Court of Criminal

---

1. The Court of Criminal Appeals may not issue writs or other orders except to enforce its own jurisdiction. Smith v. Blackwell, 500 S.W.2d 97, and Bradley v. Miller, 458 S.W.2d 673.

Appeals eventually decides whether the trial court abused its discretion in revoking probation.)

Note too, that the Supreme Court of Texas does not have general original jurisdiction to grant writs of habeas corpus as does the Texas Court of Criminal Appeals. The Supreme Court's jurisdiction to issue such writs extends only to those cases in which a person has been confined for violating an order, judgment or decree in a civil case, and the Supreme Court is without power to inquire into the legality of restraint imposed for some other reason. Ex parte Hofmayer, 420 S.W.2d 137 (Tex. Sup.1967). For a discussion of the Court of Criminal Appeals' power to issue such writs, as applied to the area of contempt, see the recent case of Ex parte Arnold and Stein, 503 S.W.2d 529 (Tex.Cr.App.1974).

In January of this year, the Austin Court of Civil Appeals declared unconstitutional a portion of the Texas Vending Commission Act. Texas Vending Commission and Ivan Williams v. Headquarters Corporation and Action Import Co., 505 S.W.2d 402 (Tex.Civ.App.—Austin 1974, writ filed). The section of this statute which this Court of Civil Appeals held void was non-severable, and thus, as of this point, the entire act's enforceability is in question, and before the Supreme Court of Texas at this time. However, at the same time, there is before the Court of Criminal Appeals a case attacking the constitutionality of a different section of the same act, a section the alleged violation of which has resulted in a penal prosecution and final appeal to this Court. Taylor v. State (No. 47,013, now under submission). The section of the act being reviewed by this Court *is* severable, and a finding by this Court as to its constitutionality will not void the entire act. Therefore, it is quite possible that the end result might be for one of Texas' two highest courts to declare the entire act void, while on the same day the other high court would find one section only void and

the remainder of the statute completely viable.

Such a situation serves to point out the flaw in the present structuring of our court system. What happens as a *practical* matter when the two courts are faced with such cases is well outlined in the case of Ex parte Cvengros, 384 S.W.2d 881 (Tex. Cr.App.1964). There, the Court of Criminal Appeals was faced with an original habeas corpus proceeding where the petitioner was seeking relief from an order adjudging him in contempt of court for violation of a temporary injunction. This Court noted that the writ had first been presented to the Supreme Court of Texas where it had been disposed of without written order. The Supreme Court had considered the petition and refused to issue the writ. Thus, the case was one where the two courts had concurrent jurisdiction. See Art. 1737, V.A.C.S., and Art. V, Sec. 5, Constitution of Texas, Vernon's Ann.St.

This Court stated:

"As a general practice, where there is reason to believe that the application [for a writ of habeas corpus] falls within the area of concurrent jurisdiction, the Court of Criminal Appeals will decline to act until the Supreme Court has decided whether the case comes within its restricted habeas corpus jurisdiction."

This practice of avoiding a head-on collision where possible generally remains an unwritten policy today.

That must serve as little consolation, however, to persons seeking the proper forum in which to present their contentions.

It is my firm belief that many of the problems outlined above could be avoided if Texas had but one court of last resort, one which would have jurisdiction over both civil and criminal matters. Without doubt, aggrieved persons seeking relief in this State could do so with a great deal more assurance than they are presently afforded, as to the correct forum. Texas'

court system already possesses strength in that our courts represent a blend of law and equity jurisdictional powers. I sincerely believe that a merger of the State's two highest courts would add to that strength, by dispelling much of the confusion and overlap between the civil and criminal law in Texas.

I concur in the result reached in this cause.