557 S.W.2d 838 (1977)
J. J. H., a juvenile, Appellant,
v.
The STATE of Texas, Appellee.
No. 5802.
Court of Civil Appeals of Texas, Waco.
October 27, 1977.
*839 Tom W. Watson, Watson, Benedict & Wiginton, Angleton, for appellant.
Ogden L. Bass, Criminal Dist. Atty., A. B. Crowther, Jr., Asst. Crim. Dist. Atty., Angleton, for appellee.
HALL, Justice.
In September, 1976, appellant juvenile was adjudged to be a delinquent child and was placed on probation. One condition of probation was that appellant not violate the laws of this State. Thereafter, the State filed a Motion to revoke probation pleading that on or about February 1, 1977, during the term of probation, appellant committed the offense of burglary in violation of V.T. C.A., Penal Code, § 30.02. After a hearing without a jury, the order of probation was set aside and appellant was committed to the custody of The Texas Youth Council. He appeals. We affirm.
When the State rested its proof on the question of probation violation, appellant based an oral motion for dismissal of the proceeding upon the fact that the State's petition does not allege the County and State in which the burglary charged against him was committed. The motion was overruled. Appellant assigns error to this ruling, citing V.T.C.A., Family Code § 51.06(a). This statute is one of venue. It provides, "Venue. A proceeding under this title shall be commenced in: (1) the county in which the child resides; or (2) the county in which the alleged delinquent conduct or conduct indicating a need for supervision occurred." Delinquency proceedings are civil in nature, and are governed by our rules of civil procedure. Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290, 292 (Tex.Sup.1969); Lockamy v. State, 488 S.W.2d 954, 956 (Tex.Civ.App. Austin 1973, no writ). A plaintiff is not required to plead facts supporting venue in the county of suit until the defendant raises the issue by filing a plea of privilege. Rule 86, Vernon's Tex.Rules Civ.Proc. Appellant did not file a plea of privilege. Additionally, the proof shows without contradiction that the burglary in question was committed in the county of suit.
Family Code § 54.05(f) permits modification of a juvenile probation order upon proof "beyond a reasonable doubt" that the child violated its terms. Appellant says the record before us does not satisfy the quantum of proof required by this statute. We disagree. Appellant's participation in the *840 burglary charged against him was directly established by the testimony of an accomplice witness. This testimony was circumstantially corroborated. In the case of In the Matter of S.J.C., 533 S.W.2d 746 (Tex. Sup.1976, cert. den., 429 U.S. 835, 97 S.Ct. 101, 50 L.Ed.2d 100) it was held that a finding of delinquent conduct beyond a reasonable doubt supported only by uncorroborated accomplice witness testimony did not violate constitutional due process.
Appellant's remaining points and contentions are without merit. They are overruled.
The judgment is affirmed.