Dismissed and Opinion filed November 16, 2004









Dismissed and Opinion filed November 16, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00611-CR

____________

 

LANNY BLAKE LOWN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 942,168

 



 

O P I N I O N

Appellant, Lanny Blake Lown, appeals the
trial court=s order directing his bail bond collateral
be turned over to the receiver in a related civil proceeding.  Appellant was indicted in cause number
942,168 on March 12, 2003, for sale of an unregistered security.  See Tex.
Rev. Civ. Stat. Ann. art. 581-29 (Vernon Supp. 2004).  The State alleged that appellant was the
manager of an investment program in which he falsely represented to investors
that he would use investor funds to purchase precious metals for resale to the
United States government.  The State
contends no precious metals were purchased, and that appellant used the
investor funds for his own benefit.








Appellant was arrested and search warrants
were executed on appellant=s office and
residence on March 11 and 12, 2003. 
Approximately 39 boxes of business records and accounting files were
seized.  On March 17, 2003, appellant was
released from custody after Lori Franz, one of appellant=s associates,
posted a $100,000 bond.  However, the
State filed a motion on the following day to freeze the funds in two bank
accounts owned by appellant.  The State
alleged that during its inspection of the documents seized on March 11 and 12,
its financial analysts and investigators had discovered that appellant
deposited approximately $3,600,000.00 in investor funds acquired during the
months of January and February, 2003. 
The State also alleged that approximately $1,000,000.00 was withdrawn
from these accounts on March 17, 2003. 
To maintain the status quo, the 179th District Court ordered
the accounts frozen on March 18, 2003.

On March 28, 2003, the State offered
evidence to the district court that appellant had used stolen monies to pay his
bonding fees, the collateral for his bond, and his attorney fees.  On March 31, 2003, the State moved to freeze
funds in an account owned by Franz.  The
trial court granted the motion and froze the account to prevent any further
dissipation of the funds.

On April 10, 2003, the Texas Attorney
General=s Office, on
behalf of the State Securities Board, sought a temporary restraining order in
the 250th District Court of Travis County against appellant, the
stated purpose of which was, to prevent any further fraudulent activity.  The court granted the temporary restraining
order, subsequently issued a temporary injunction, and appointed Janet
Mortenson as AReceiver for the company, money, property,
and assets of One West Financial Services, an assumed name of Lanny Blake Lown,
and One West Financial LLC, and for all money, property, and assets of
Defendants Lanny Blake Lown and Lori Ann Franz as appear to the Receiver to
contain or be derived from proceeds of Defendant=s sale of
securities or used in furtherance thereof.@








On April 11, 2003, the Harris County
District Attorney=s Office filed a motion to Aunfreeze@ the funds
previously frozen by order of 179th District Court to permit their
acquisition by the 250th District Court=s receiver, Ms.
Mortenson.  That same day, the Harris
County District Attorney=s Office presented evidence that its
investigators had discovered appellant had used stolen monies to purchase 28
motor vehicles valued at 1.5 million dollars, several expensive dwellings, and
jewelry valued at 1.2 million dollars. 
The State, therefore, requested the court to order the Sheriff of Harris
County to withhold acceptance of any new bond pending a hearing to establish
the source of the bond fees and collateral. 
The 179th District Court granted both requests.

On April 16, 2003, a demand was made on
Burns Bail Bonds to deliver to Mortenson the bond collateral paid to it by
Franz.  However, on April 23, 2003, Franz
sought return of the $100,000 in bond collateral by surrendering the bond.

In an effort to prevent Franz=s acquisition of
the funds, the State presented evidence at a hearing on April 28, 2003, that
all the monies in Franz=s account and, thus, the money used to
collateralize appellant=s bond, had come from investor
deposits.  Mortenson testified at this
hearing and requested that the funds be turned over to her in her capacity as
receiver.  The 179th District
Court subsequently granted the request and ordered Burns Bail Bond Company to
deliver the $100,000 to Mortenson.

Appellant filed a notice of appeal seeking
review of the order of the 179th District Court to surrender the
bond collateral to the receiver of the 250th District Court.  Before proceeding, we must inquire into our
subject matter jurisdiction, even if it is necessary to do so sua sponte.  See Condit v. Nueces County, 976
S.W.2d 278, 279 (Tex. App.CCorpus Christi
1998, no pet.);  Dallas County
Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex. App.CDallas 1994, writ
denied).








AA defendant in a criminal
case has the right of appeal under Code of Criminal Procedure article 44.02
and [the Texas Rules of Appellate Procedure].@  Tex.
R. App. P. 25.2(a)(2) (emphasis added). 
Moreover, Article 44.02 of the Code of Criminal Procedure provides that
a Adefendant in any criminal
action has the right of appeal under the rules hereinafter prescribed.@  Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon Supp. 2004B2005) (emphasis
added).  However, in Chapter 44, the
defendant is authorized only to appeal from (1) any order imposing bond pending
appeal,[1]
(2) a final judgment rendered upon a bond of twenty dollars or more,[2]
and (3) an order certifying a juvenile defendant to stand trial as an adult.[3]

Appellant=s appeal is not
from an order imposing bond pending appeal. 
The appeal is not from a final judgment rendered upon a bond because the
bond was never forfeited.  Finally, the
appeal is not from an order certifying a juvenile defendant to stand trial as
an adult.  Thus, our only possible
subject matter jurisdiction arises here if the appeal is from a Acriminal case or
action.@

The Texas Supreme Court has defined a Acriminal case@ as Aan action, suit,
or cause instituted to secure conviction and punishment for crime.@  Hankamer v. Templin, 187 S.W.2d 549,
550 (Tex. 1945).  Likewise, in Hardin
v. State, 248 S.W.2d 487, 487 (Tex. Crim. App. 1952), the Texas Court of
Criminal Appeals held a criminal defendant could not appeal from a jury=s finding that he
was sane because the accused had not been Afound guilty of
anything, and no punishment ha[d] been assessed.@[4]   

Here, the proceeding is ancillary to a
criminal proceeding based upon a criminal complaint, but appellant=s appeal is not
from a conviction for violating any penal statute.  Accordingly, this is not an appeal from a
criminal case or action.  For example,
the Texas Court of Criminal Appeals has held that a purported appeal from the
denial of an application for the restoration of allegedly stolen property was
not a Acriminal case.@  Bretz v. State, 508 S.W.2d 97, 97B98 (Tex. Crim.
App. 1974).








Further, appellant=s notice of appeal
states that the appeal is brought under the authority of Tex. R. App. P. 25.2; Chapter 47 of the
Texas Code of Criminal Procedure; and Tex.
R. App. P. 26.2(a).  All of these
references are to the appeal of a conviction or appealable order in a criminal
case.  Here, the 179th
District Court, as a matter of comity, acquiesced to a request by the 250th
District Court to surrender all investor proceeds to its receiver.  We find this is neither a criminal case nor
an appealable order in a criminal case. 
Accordingly, the appeal is dismissed for want of jurisdiction.  

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed November 16, 2004.

Panel
consists of Justices Anderson, Hudson, and Frost.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Tex. Code Crim. Proc. Ann. art.
44.04(g) (Vernon Supp. 2004B2005).





[2]  Tex. Code Crim. Proc. Ann. art. 44.42
(Vernon 1979) (emphasis added).





[3]  Tex. Code Crim. Proc. Ann. art.
44.47(a) (Vernon Supp. 2004B2005).





[4]  See also
Gambling Paraphernalia, Devices, Equipment, and Proceeds v. State, 22
S.W.3d 625, 628 (Tex. App.CDallas 2000, ) (holding that the forfeiture of
property under Article 18.18(b) of the Code of Criminal Procedure is not a
matter arising out of a criminal case).