

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:     John B. Kennedy v. The State of Texas

Appellate case number:   01-12-01142-CV

Trial court case number:   1237940

Trial court:             178th District Court of Harris County

Appellant, John B. Kennedy, appeals the trial court's order denying his motion for restoration of allegedly stolen property, namely, $702,792.99 in currency. The trial court ordered that the currency be awarded to the Harris County District Attorney's Office, pursuant to Texas Code of Criminal Procedure article 47.02. *See* TEX. CODE CRIM. PROC. ANN. art. 47.02 (West Supp. 2012). The determination of the ownership of the currency is a civil matter. *See Four B's Inc. v. State*, 902 S.W.2d 683, 684–85 (Tex. App.—Austin 1995, writ denied); *see also Bretz v. State*, 508 S.W.2d 97, 97–98 (Tex. Crim App. 1974) (dismissing for lack of jurisdiction and stating that appeal from order under article 47.02 lies in the courts of civil appeals and supreme court).

Appellant has filed a motion for extension of time to file the reporter's record, asserting that he is indigent and requesting appointment of counsel.

First, generally, a civil litigant has no state or federal constitutional right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 26–27, 101 S. Ct. 2153, 2159 (1981); *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). Whether to appoint counsel in a civil case is a question for the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 24.016 (West 2004); *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.—Houston [1st Dist.] 1996, no writ). Appellant's motion requesting that this Court appoint counsel to represent him in this civil appeal is **dismissed**.

Next, the Court's records do not reflect that appellant has established indigence in this appeal in accordance with Rule of Appellate Procedure 20.1. *See* TEX. R. APP. P. 20.1 (governing indigence in civil appeals); *Four B's Inc.*, 902 S.W.2d at 684–85 (noting that proceedings to restore property are similar to forfeiture proceedings, and applying civil rules).

On May 17, 2013, the Court notified appellant that the Court's records do not reflect that appellant has either established indigence or paid the $175 filing fee. *See* TEX. R. APP. P. 5. Unless appellant, **no later than 15 days after the date of this order**, either files proof that he has established indigence in this civil appeal or pays the filing fee, the appeal may be dismissed

without further notice. *See* TEX. R. APP. P. 5 (providing that person who is not excused by statute or rule from paying costs must pay, at time item is filed, required fees, and authorizing enforcement); 42.3 (authorizing involuntary dismissal of appeal); *see also One 1995 GMC Pickup v. State*, No. 05-03-00399-CV, 2003 WL 1870562, at *1–2 (Tex. App.—Dallas Apr. 14, 2003, no pet.) (mem. op.) (dismissing for failure to establish indigence under Rule 20.1 and failure to pay filing fee).

Finally, appellant's motion for extension of time to file the reporter's record is **granted**. After compliance with the above regarding the filing fee, appellant must file in this Court, no later than **30 days after the date of this order,** proof that he has either (1) established indigence in this appeal or (2) has paid or made arrangements to pay the reporter's fee for preparing the record.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
        ☑ Acting individually   ☐ Acting for the Court


Date: June 20, 2013