**Johnny B. WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6640.**

Court of Civil Appeals of Texas, El Paso.

Feb. 8, 1978.

Rehearing Denied March 8, 1978.

C. R. Kit Bramblett, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., John P. Bradford, Douglas Gelo, Thomas C. Roepke, Asst. Dist. Attys., El Paso, for appellee.

OPINION

PRESLAR, Chief Justice.

This is a purported appeal from an order of the trial Court disposing of stolen property under Article 47.02, Tex.Code Crim. Proc. We dismiss the appeal for want of jurisdiction in the Court of Civil Appeals.

The Appellant, Johnny B. Williams, was indicted by the El Paso County Grand Jury for the offense of burglary of habitation. Subsequent to his arrest, Appellant confessed to several burglaries, including the homes of three of the four claimants herein involved. Also subsequent to his arrest, the property in question was seized from his home along with other stolen property.

The indictments against Appellant were dismissed because the confession was inadmissible and, following such dismissal, Appellant brought this action seeking to recover "One Kiln and iron pot with its contents" taken from his home by the police. These are the sole items in his pleadings.

Article 47.02, Tex.Code Crim.Proc., provides in part:

"Upon the trial of any criminal action for theft, or for any other illegal acquisition of property which is by law a penal offense, the court trying the case shall order the property to be restored to the person appearing by the proof to be the owner of the same."

Following a hearing, the Court divided the property among certain of the claimants who were burglary victims and, among other things, awarded 36.8 pounds of "silver" in equal portions to four claimants who were victims of burglaries. This "silver" is not described, and there is no evidence of its quality—whether it is an alloy, pot metal, or in fact the metal silver. Appellant was awarded only a kiln and a pot. His appeal is from a failure of the Court to award him the 36.8 pounds of "silver," which is not otherwise described, but supposedly is the "contents" of the pot.

■ The Court of Civil Appeals is required to determine its own jurisdiction and to take notice of its want of appellate jurisdiction when disclosed by the record, even though no party has raised a question of jurisdiction. *Gibbs v. Melton*, 354 S.W.2d 426 (Tex.Civ.App.—Dallas 1962, no writ). It is held that proceedings of this nature under Article 47.02 are civil in nature, although arising out of a criminal trial. *Bretz v. State*, 508 S.W.2d 97 (Tex.Cr.App. 1974). Our determination that this Court lacks jurisdiction is based on the fact that the amount in controversy is neither pleaded nor appears in the judgment; in fact, nowhere in the record is the amount in controversy set out. Article 1819, Tex.Rev. Civ.Stat.Ann., limits the jurisdiction of the Courts of Civil Appeals to civil cases where the amount in controversy or the judgment rendered shall exceed $100.00, exclusive of interest and costs. Also, Article 2249, Tex. Rev.Civ.Stat.Ann., permits appeals to the Court of Civil Appeals in cases where the judgment or amount in controversy exceeds $100.00, exclusive of interest and costs. There being no designation of the value of the property in controversy in either the pleadings or the judgment, or otherwise in the record for that matter, this Court is without jurisdiction.

Our determination is based on the jurisdiction of this Court and not the trial Court. Therefore, the trial Court judgment is undisturbed. The appeal is dismissed.