**Ex parte Blake Dowell McKENZIE.**

**No. 95–0546.**

Supreme Court of Texas.

Aug. 1, 1995.

Blake Dowell McKenzie, McKinney, for relator.

Rick Robertson, McKinney, D. Kay Woods, McKinney, W.K. (Bo) Brown, McKinney, for respondent.

PER CURIAM.

Blake Dowell McKenzie, relator in this petition for writ of habeas corpus, contests his confinement in Collin County jail for failure to pay child support since November 1992. We ordered McKenzie released on bond pending our consideration of his petition.

The events precipitating the writ of attachment began on September 9, 1993, when McKenzie's former wife and mother of his child brought a child support enforcement action against him. The 199th District Court issued a show cause notice to McKenzie for contempt. McKenzie was served with notice on December 13, 1993, but he failed to appear at the hearing. A capias issued and McKenzie turned himself in on June 22, 1994. McKenzie posted a $1,500 bond and appeared

---

at a contempt hearing on July 19, 1994. An attorney was appointed for McKenzie and the case held over until August 8, 1994, at which point McKenzie was found in contempt. The court set a sentencing hearing on November 18, 1994, but McKenzie failed to appear.

Upon McKenzie's failure to appear, the court issued a writ of attachment to bring McKenzie into custody for sentencing. McKenzie was once again taken into custody on April 20, 1995.

At the same time as these proceedings were developing, McKenzie was involved in two other sets of proceedings involving child support. The first set of proceedings was initiated by the Guardian Ad Litem for McKenzie's child. The Guardian Ad Litem filed motions to hold McKenzie in contempt for non-payment of child support on December 8, 1993, and on June 3, 1994. But on October 4, 1994, the district court, without a hearing and without making findings, dismissed both of the Guardian Ad Litem's motions for contempt.

The second set of parallel proceedings began on October 13, 1994, when the district court signed an order requested by the Attorney General of the State of Texas directing that McKenzie's child support payments be made to the office of the Attorney General. On February 16, 1995, the Attorney General initiated a motion for enforcement and contempt owing to McKenzie's continued refusal to pay child support.

The district court held a contempt hearing on the Attorney General's motion on May 9, 1995. The court found McKenzie in contempt and ordered him placed in jail pursuant to a commitment order. The order holding McKenzie in contempt and committing him to the County jail erroneously showed the Guardian Ad Litem as the movant even though the district court had previously dismissed both of the Ad Litem's motions for contempt.

McKenzie then petitioned this Court for a writ of habeas corpus. We ordered his release on bond pending consideration of his petition. McKenzie's petition stated that he was being restrained "not by virtue of any warrant, writ, commitment, or process of any court except by virtue of a purported Order Holding Respondent in Contempt for Failure to Pay Child Support and for Commitment to County Jail." This statement is incomplete because McKenzie was *also* in custody pursuant to the writ of attachment issued on December 1, 1994, for failing to appear at his sentencing hearing on his prior finding of contempt.

On June 22, 1995, the district court vacated its May 9th order holding McKenzie in contempt and for commitment to county jail because the Guardian Ad Litem's motions for contempt had been previously dismissed. As a result, McKenzie's application for writ of habeas corpus, which only challenges the May 9 commitment order, is now moot, and we accordingly dismiss his application for writ of habeas corpus as moot. We express no judgment on the viability of the writ of attachment used to bring McKenzie into custody for failing to appear at his November 18, 1994 sentencing hearing. The district court may determine the status of the writ of attachment signed on December 1, 1994.