Tom BAIZE, Relator,

v.

The Honorable Doug SHAVER, Judge of the 262nd District Court, Harris County, Texas, Respondent.

No. 01–96–00916–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 27, 1996.

Wendell Odom, Houston, for Relator.

Calvin Hartmann, Houston, for Respondent.

Before O'CONNOR, HUTSON–DUNN and TAFT, JJ.

## OPINION

O'CONNOR, Justice.

This is an application for writ of mandamus asking that we direct respondent, the Honorable Doug Shaver, Judge of the 262nd District Court of Harris County, to return $200,000 cash bail money to relator, Tom Baize. We granted the motion for leave to file and heard oral arguments. *See* TEX. R.APP. P. 121(c), (f).

Tom Baize claims the trial court had no jurisdiction to confiscate $200,000 posted as a bail bond. He argues that the trial court had a ministerial duty to return the money to him. He also claims the State did not comply with any due process provision for forfeiture or seizure of funds. We agree, and we conditionally grant the requested mandamus relief.

### Facts

This controversy grows out of a criminal prosecution against J.D. Baize, the brother of Tom Baize. In 1995, in cause number 689431, J.D. Baize was placed on deferred adjudication and ordered to pay restitution as a condition of bond. In February, 1996, the State filed a motion to adjudicate guilt, and the trial court set J.D. Baize's bail at $200,000.

On February 29, 1996, Tom Baize executed an agreement to be bound for the payment of all fees and expenses that might be incurred in the arrest of his brother *if* his brother violated the conditions of his bond. Tom Baize signed as "cash depositor" and his brother signed as the "principal." The sure-

ty agreement states that the agreement was "taken and approved" by the Harris County Sheriff's Department. J.D. made all conditions of the bond and it was not forfeited for a bond violation.

On April 10, 1996, the same day the trial court found J.D. Baize guilty and assessed punishment, the State filed a motion to restore the bond money as the property of the complainants under TEX.CODE CRIM. P. art. 47.02. The State claimed the $200,000 bail money Tom Baize put up for J.D. Baize became J.D.'s property[1] and should be given to the complainants in cause number 689431. On the same day the motion was filed, without notice to either brother and without a hearing, the trial court granted the State's motion to confiscate the $200,000. The trial court found that the money was either a loan or gift by Tom Baize to J.D. Baize, and released the money to the State to give to the complainants in J.D.'s criminal case.

On June 24, 1996, Tom Baize filed a motion for release of bond money in cause number 689431, and asked for the return of the $200,000. After a hearing on July 9, 1996, the trial court denied the motion. On July 29, 1996, Tom Baize filed his motion for leave to file an application for writ of mandamus.

■ In cases where the court of appeals is called upon to issue a writ of mandamus in a criminal matter, the relator must meet a two-pronged test. *De Leon v. Pennington,* 759 S.W.2d 201, 202 (Tex.App.—San Antonio 1988, orig. proceeding). The relator must show (1) he has no other adequate remedy at law, and (2) the act he demands the trial court perform is a ministerial act. *State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 774 (Tex.Crim.App.1994); *Braxton v. Dunn,* 803 S.W.2d 318, 320 (Tex.Crim.App.1991); *De Leon,* 759 S.W.2d at 202. An act is ministerial "when the law clearly spells out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *Healey,* 884 S.W.2d at 774; Tex-

as Dep't of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex.Crim.App.1981).

## Adequate Remedy at Law

Tom Baize claims he has no adequate remedy at law to pursue relief from the trial court's order except by mandamus. We agree.

■ The bail bond money posted by Tom Baize was part of a surety agreement, a contract between the State and Tom Baize. In that contract, Tom Baize promised the State his brother would make all necessary court appearances, which he did. Nothing in that contract permitted the State to take the money, without notice or hearing, for any reason other than the violation of the terms of the bail bond. *McConathy v. State,* 528 S.W.2d 594, 597 (Tex.Crim.App.1975). The State may not forfeit bond money if no condition of the bond was breached. *Trammel v. State,* 529 S.W.2d 528, 529 (Tex.Crim.App. 1975). The order denying Tom Baize's motion to release his funds was not a proper judgment under TEX.CODE CRIM. P. ch. 22, which describes the procedure for rendering judgment against the bond.[2] *See De Leon,* 759 S.W.2d at 202.

■ The State, as real party in interest, and the dissent contend Tom Baize has an adequate remedy at law, relying on four cases involving appeals from trial court orders under article 47.02. We disagree with their interpretation of those cases.

In all four cases, the trial court confiscated and returned to the complainants the *stolen property* seized from the defendant during the investigation of the crime; in none of the cases did the trial court confiscate *bond money* of an innocent third person. *See Bretz v. State,* 508 S.W.2d 97, 97–98 (Tex.Crim.App. 1974) (stolen money); *Four B's Inc. v. State,* 902 S.W.2d 683, 685 (Tex.App.—Austin 1995, writ denied) (stolen shotgun); *Nelms v. State,* 761 S.W.2d 578, 579–80 (Tex.App.— Fort Worth 1988, no writ) (stolen money);

---

1. The State contends the cashier's check, which said on its face "For J.D. Baize," was evidence that Tom Baize made a gift or loan of the $200,000 to his brother. The State ignores the language in the surety agreement which recognizes Tom Baize as the surety, not a donor or lender.

2. Even if the money had been forfeited as a bond by a proper judgment, such order would be an interlocutory order and not appealable. *De Leon,* 759 S.W.2d at 202.

*Williams v. State,* 562 S.W.2d 889, 890 (Tex. Civ.App.—El Paso 1978, writ dism'd) (stolen silver). Clearly a trial court has jurisdiction to return stolen property under article 47.02.[3]

In three of those cases, the party challenging the loss of property was the defendant who was found guilty of the theft in the criminal case. *See Bretz,* 508 S.W.2d at 98 (Bretz was defendant and petitioner); *Nelms,* 761 S.W.2d at 579–80 (Nelms was defendant and appellant); *Williams,* 562 S.W.2d at 890 (Williams was defendant and appellant). Only in *Four B's Inc.* was the appellant not a defendant in the criminal case. 902 S.W.2d at 685. However, even in *Four B's Inc.,* the property was *stolen property,* and article 47.02 permits the trial court to restore stolen property to its owner.

Another important distinction is that in all four cases the property that was given to the victim belonged to the victim before the criminal act. Here, the State admits the money did not belong to the victims; the State admits it belonged to Tom Baize, who, in their view, either lent it or gave it to J.D. Baize when he posted his brother's bail bond.[4]

We hold the respondent had no adequate remedy by appeal.

### Ministerial Duty

The State agrees that J.D. Baize is presently in custody and did not violate any of the conditions of the bond. Article 17.02, "Definition of 'bail bond,' " provides:

> Any cash funds deposited under this Article shall be receipted for by the officer receiving same and *shall be refunded . . . if and when the defendant complies with the conditions of his bond* and upon order of the court.

TEX.CODE CRIM. P. art. 17.02 (emphasis added).

If the defendant did not breach any condition of the bond, the State cannot forfeit bond money for some other reason. *Trammel,* 529 S.W.2d at 529 (State could not forfeit bond because defendant violated terms of probation); *McConathy,* 528 S.W.2d at 597 (State could not forfeit bond because defendant did not pay fine and court costs); *De Leon,* 759 S.W.2d at 202 (State could not forfeit bond to pay fine). Thus, the trial court had the ministerial duty to restore the bond money to Tom Baize.

We conditionally grant the requested mandamus relief and order Judge Shaver to return the $200,000 cash bail money to Tom Baize, the surety on the bond. The writ will issue only if Judge Shaver does not comply.

TAFT, Justice, dissenting.

The resolution of this mandamus turns on whether one views the proceedings below as a bond forfeiture or a restoration of property pursuant to article 47.02 of the Code of Criminal Procedure. If this had been a bond forfeiture, I would agree there is precedent supporting the availability of mandamus relief. *See De Leon v. Pennington,* 759 S.W.2d 201 (Tex.App.—San Antonio 1988, orig. proceeding). Because the proceedings below were clearly pursuant to article 47.02, and because a clear remedy by appeal is available from an erroneous ruling made pursuant to article 47.02, I respectfully dissent to the majority's grant of mandamus relief.

The proceeding below was brought pursuant to article 47.02 of the Code of Criminal Procedure. The State's motion and the trial court's order invoke article 47.02. The article states, in pertinent part:

> Upon the trial of any criminal action for theft, or for any other illegal acquisition of property which is by law a penal offense, the court trying the case shall order the property to be restored to the person ap-

---

**3.** It is important to note that neither the State's motion to give the money to J.D. Baize's victims nor the trial court's order state that (1) the $200,000 was stolen, (2) the money was stolen by J.D. or Tom Baize, or (3) the $200,000 was stolen from the victims in this case.

**4.** In its motion to seize the bail money and in its brief to this Court, the State justifies its seizure of the money by claiming the check for the bail bond was a gift or loan by Tom Baize to J.D. Baize; the State did not allege the bail money was money acquired by J.D. Baize by his unlawful acts which resulted in his conviction.

pearing by the proof to be the owner of the same.

TEX.CODE CRIM. P. ANN. art. 47.02 (Vernon 1979). While the Code of Criminal Procedure does not provide for an appeal from the trial court's order restoring property pursuant to article 47.02, case law clearly has established an appeal to the courts of appeals pursuant to the rules applicable to civil proceedings. *See Bretz v. State,* 508 S.W.2d 97, 97–98 (Tex.Crim.App.1974) (holding proceeding is civil matter so that appeal does not lie to Court of Criminal Appeals); *Four B's Inc. v. State,* 902 S.W.2d 683, 685 (Tex.App.—Austin 1995, writ denied) (holding jurisdiction lies in court of appeals to hear appeal of order restoring property to complainants); *Nelms v. State,* 761 S.W.2d 578, 579–80 (Tex. App.—Fort Worth 1988, no writ) (holding proceeding is civil matter giving court of appeals jurisdiction to review sufficiency of evidence supporting order restoring property to complainants, despite appellate acquittal of defendant); *Williams v. State,* 562 S.W.2d 889, 890 (Tex.Civ.App.—El Paso 1978, writ dism'd) (acknowledging proceeding is civil in nature, but holding no jurisdiction for failure to plead amount in controversy).

In *Four B's Inc.,* a pawn shop owner intervened as a third party to contest the trial court's restoration of property to the complainants. 902 S.W.2d at 683. Thus, ample precedent existed for relator to appeal the trial court's restoration of property order pursuant to article 47.02. I am aware of no authority, and neither the majority opinion nor relator has cited any, holding that mandamus is an appropriate avenue of review for a trial court's order restoring property pursuant to article 47.02.

Mandamus will not issue when there is a clear and adequate remedy at law, such as by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Because relator has, or had at the time of filing his motion for leave to file a petition for writ of mandamus, an adequate remedy by appeal,[1] we should deny the requested mandamus relief. To the majority

opinion's contrary holding, I respectfully dissent.

---

1. In granting leave to file on August 6, 1996, we cautioned relator regarding the alternative of perfecting an appeal from the trial court's July

9th order in case we should hold that mandamus is not the appropriate remedy.