Garcia, Ex parte 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-185-CR

     ESTEBAN ROGELIO GARCIA,
                                                                                   Appellant
     v.

     THE STATE OF TEXAS,
                                                                                   Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 42,357-85
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On July 3, 1996, Esteban Garcia filed a pro se petition for a writ of habeas corpus,
complaining that the sheriff of Brazos County, Bobby Riggs, was unlawfully confining him in the
county jail because Garcia was allegedly suffering from several serious physical ailments. The
trial court on July 16 conducted a hearing in response to Garcia's petition. On August 14, the trial
court signed an order denying Garcia's petition. Garcia filed a notice of appeal on July 18, which
became effective on the date of the trial court's signed order. See Tex. R. App. P. 58(a).
      Although the transcript and supplemental transcript were filed on August 22, no statement of
facts followed. Consequently, on January 8, 1997, we abated the cause to the trial court for a
hearing on why a statement of facts had not been filed, whether Garcia wished to proceed with his
appeal, and whether he had made arrangements for the filing of an appellate brief.
      Without holding a hearing, the trial court filed findings in this court on January 21 that Garcia
was, after being unconditionally released, no longer confined in the Brazos County Jail and that
this appeal was therefore moot. We agree with the trial court that an appeal from the denial of
petition for a writ of habeas corpus is rendered moot once the complaining party is no longer
suffering confinement or any other applicable restriction. See State ex rel. Millsap v. Lozano, 692
S.W.2d 470, 480 (Tex. Crim. App. 1985); Ex parte Spaulding, 687 S.W.2d 741, 743 (Tex. Crim.
App. 1985).
      The cause is reinstated; our January 8, 1997, abatement order is withdrawn; and the appeal
is dismissed as moot. See Ex parte McKenzie, 909 S.W.2d 502 (Tex. 1995).

                                                                                     PER CURIAM

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Appeal dismissed as moot
Order issued and filed January 29, 1997
Do not publish



Exhibit 22 as argument to defendant's guilt but argued
defendant's confession to establish his guilt. The admission of Exhibit 22, if error and if error
was preserved, was harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). Point one
is overruled.
      Point two asserts "the trial court denied Appellant due process of law when it permitted the
jury to consider hearsay statements made to the police over Appellant's objection."
      Police Officer Zaragosa, who was an investigator, testified that Herman Larrate, a passenger
in the car occupied by Appellant when the shots were fired at the deceased, said that Appellant
shot the deceased and that he saw Appellant shoot the deceased.
      Defense counsel had questioned Officer Zaragosa about how many persons his investigation
showed were in the car and had him identify each and where each was sitting. Defense counsel
further asked Zaragosa about alcohol consumption by the occupants of the car and he answered
all these questions by relating what the occupants of the car had told him. Defense counsel opened
the door by eliciting hearsay statements of the occupants of the car to make it appear that all
occupants of car were suspects. 
      Tex. R. Crim. Evid. 107. Rule of Optional Completeness provides:
Where part of an act, declaration, conversation, writing or recorded statement is given
in evidence by one party, the whole on the same subject may be inquired into by the other
. . . when a detailed act, declaration, conversation . . . is given in evidence any other act,
declaration . . . which is necessary to make it fully understood or to explain the same
may also be given in evidence . . . . 

      It was not error to admit hearsay evidence when it served to clarify other hearsay evidence
elicited by the opposition. Martinez v. State, (Tex. App.—San Antonio) 749 S.W.2d 556, 559-60;
Jackson v. State, (Tex. Crim. App.) 423 S.W.2d 322, 323.
      As noted, the evidence of defendant's guilt was overwhelming, including his confession. The
admission of Officer Zaragosa's statement, if error, could not beyond a reasonable doubt made
any contribution to the conviction or to the punishment of Appellant. Tex. R. App. P. 81(b)(2). 
Point two is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 22, 1994
Do not publish