Rose McCullough v. Oliver S. Kitzman, et al.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-334-CV

     ROSE McCULLOUGH,
                                                                              Appellant
     v.

     OLIVER S. KITZMAN, ET AL.,
                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 252-97
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      On November 24, 1997, Judge Oliver Kitzman held Rose McCullough in contempt for
“willfully disobeying court orders by interrupting the Court repeatedly and failing to follow the
order of the Court” despite having been warned. McCullough filed an “Emergency Application
for Writ of Habeas Corpus” on December 1. 
      On December 10, Judge F.B. McGregor, Jr., conducted a hearing on the writ and denied
relief. On Friday, December 12, McCullough filed a “Motion for Early Release.” Judge Kitzman
granted the motion and signed an order waiving the $500 fine and ordering that McCullough be
released from custody. Judge Kitzman directed the jailer to release McCullough after 8 a.m. on
Monday, December 15.
      Apparently before her release on December 15, McCullough filed an “Emergency Notice of
Appeal of Denial of Application of Writ of Habeas Corpus” referring to Judge McGregor's
December 10 ruling. The court reporter has filed a record of the December 10 hearing, but states
that McCullough was released from custody the same day she filed her notice of appeal. 
      A person held in contempt has no right of appeal. Rather, relief must be through a collateral
attack on the judgment by petitioning for a writ of habeas corpus. Ex parte Williams, 690 S.W.2d
243, 243 n.1 (Tex. 1985). The writ is directed to the official holding the person in custody and
show why the person is in custody. The person must be suffering a restraint of liberty. Id. at
244. 
      McCullough, having been released from custody, is not under restraint.


 Thus, we dismiss
this cause as moot. See Ex parte McKenzie, 909 S.W.2d 502, 503 (Tex. 1995) (petition for writ
of habeas corpus moot because underlying order had been vacated by trial court); Ex parte Kimsey,
915 S.W.2d 523, 527 (Tex. App.—El Paso 1995) (op. on rehig) (validity of contempt order moot
after trial court orders underlying temporary orders discharged).
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed July 8, 1998
Do not publish