May 4, 2010

The Honorable Vince Ryan
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

Opinion No. GA-0773

Re: Whether a district clerk may accept assignment of a defendant's cash bail bond refund as payment of the defendant's fines and costs (RQ-0819-GA)

Dear Mr. Ryan:

You ask whether a district clerk may accept assignment of a defendant's cash bail bond refund in payment of the defendant's fines and costs.[1] If so, you also ask when the clerk may accept the assignment and list the following possibilities: (1) when the defendant deposits the cash bail bond; (2) after the defendant's adjudication; or (3) after the court directs the refund to the defendant. Request Letter at 1. Your questions focus on article 17.02 of the Code of Criminal Procedure, which authorizes the use of cash bail bonds. TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005).

A bail bond is "a written undertaking binding an accused to appear before the appropriate authorities to answer a criminal accusation." *Melton v. State*, 993 S.W.2d 95, 97 (Tex. 1999). Article 17.02 allows a bail bond to be in the form of a surety bond or cash bond. TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005); *Melton*, 993 S.W.2d at 97. In lieu of a surety bond, article 17.02 permits the defendant to execute a bond and deposit "current money of the United States" in the amount of the bond into the court registry. TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005). Such a cash deposit by a defendant is known as a "cash bail bond." *Melton*, 993 S.W.2d at 97.

As you note, the right to receive payment for debt is generally assignable under the common law.[2] *See Cloughly v. NBC Bank-Seguin, N.A.*, 773 S.W.2d 652, 655 (Tex. App.—San Antonio 1989, writ denied) (stating that generally, debts are assignable claims). Your question, however, is not about what rights are assignable under the common law, but rather, you ask about a district clerk's authority to accept an assignment of a cash bail bond refund to satisfy fines and costs. Request Letter at 1. Article 17.02, in its provision for cash bail bonds, addresses the responsibilities of a court's custodian of funds, such as a district clerk:

---

[1]*See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]*See* Brief at 1 (attached to Request Letter).

> [T]he defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States in the amount of the bond in lieu of having sureties signing the same. Any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court.

TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 2005). Statutory construction begins with an examination of the statute's language to determine legislative intent. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). Article 17.02 requires the custodian of funds to (1) receive the cash bond, (2) provide a receipt for the bond, and (3) once the defendant has complied with the bond's condition and upon order of the court, refund the cash bond funds "to the defendant." *Id.* The word "shall" in the statute indicates that, where circumstances warrant, the custodian's duty to refund a cash bond to a defendant is mandatory. *See* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) (providing that, unless context requires otherwise, the word "shall" in a statute "imposes a duty"); *City of Austin v. S.W. Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002) (observing that courts generally construe the word "shall" in statutes as mandatory).

Moreover, in construing article 17.02 we may consider its purpose. *See* TEX. GOV'T CODE ANN. § 311.023(1) (Vernon 2005) (authorizing a court, in construing a statute, to consider the "object sought to be attained"). The primary purpose of a bail bond, including a cash bond, is to secure the trial of the accused, and "is not a revenue measure intended to be a substitution for a fine." *McConathy v. State*, 528 S.W.2d 594, 596 (Tex. Crim. App. 1975). Construing article 17.02 as creating a mandatory duty to refund the cash bond funds according to the statute's terms is consistent with the purpose of the statute, which is to guarantee the defendant's appearance rather than to secure the payment of fines and costs. Accordingly, a court has construed article 17.02 as creating a mandatory duty, once the defendant has complied with the bond's conditions, to order a refund of the cash deposit without regard to the existence of unpaid fines or costs. *De Leon v. Pennington*, 759 S.W.2d 201, 202 (Tex. App.—San Antonio 1988, no writ) (concluding that the court's duty to order the refund is "ministerial"). Likewise, this office has construed article 17.02's requirement to refund the cash bond "to the defendant" as mandatory. Tex. Att'y Gen. Op. Nos. JC-0024 (1999) at 3–4 (determining that the statute requires that a cash bail bond be refunded to the defendant rather than to a third party); JC-0163 (1999) at 1–2 (concluding that once a defendant has complied with the conditions of his bond, the cash deposited as bail must be refunded to him and may not be withheld to pay any fines or penalties except as expressly provided by statute). Neither article 17.02 nor any other statute of which we are aware authorizes assignments as an exception to article 17.02's requirement to refund cash bail bond funds to the defendant.

Consequently, we conclude that article 17.02 does not authorize a clerk to accept an assignment made when the defendant makes the cash bond deposit. Nor does it authorize a clerk to otherwise accept an assignment when it would be contrary to article 17.02's requirement to refund the funds to the defendant upon compliance with the cash bail bond's terms and upon court order.

Your final question is whether the clerk may accept an assignment once the court has ordered the refund to the defendant.  Once the cash bail bond funds have been refunded to the defendant according to the court's order, article 17.02 does not preclude the clerk from accepting the funds to pay fines and costs.  We do not opine about the form of the transaction or transactions that may be utilized to refund the deposit to the defendant and to effectuate a transfer of the funds to pay fines and costs.

## S U M M A R Y

Under article 17.02 of the Code of Criminal Procedure, a district clerk may not accept an assignment of a defendant's cash bail bond refund in payment of the defendant's fines and costs instead of refunding the deposited funds to the defendant.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee