**Opinion issued October 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00132-CV

## NO. 01-16-00324-CV

————————————

## IN RE PAULA M. MILLER AND MICHAEL BROWN, Relators

---

## Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

This original proceeding arises from two related mandamus petitions in connection with contempt proceedings against the relator, Paula Miller. In the first petition filed on the morning before her contempt hearing, Miller requested that we compel the trial court to (1) dismiss contempt proceedings against her, (2) return a cash bond, and (3) reverse the trial court's order directing Miller to release her lis

pendens filed in the real property records.[1] Miller further requested that we recuse the trial court judge and that the contempt hearing be assigned to an independent judge. We denied Miller's request for an emergency stay of the scheduled contempt proceedings. In a subsequent mandamus petition, filed after the contempt proceedings were concluded, Miller joined by Michael Brown, requests that we (1) compel the trial court to order the return of a cash bond that Brown paid to ensure Miller's appearance for the contempt hearing, and (2) order reimbursement of their attorney's fees expended in seeking return of the bail money. We deny the petitions.

## Background

In 2011, Paula Miller sued James A. Prince for a divorce in Harris County, alleging that a common law marriage existed between them. The trial court ruled that no marriage existed; we subsequently affirmed its decision on appeal. *See Miller v. Prince*, No. 01-13-00243-CV, 2015 WL 545685 (Tex. App.—Houston [1st Dist.] Feb. 10, 2015, no pet.).

In November 2013, while the appeal was pending, JAS Family Limited Partnership # 4, Ltd., a company in which James Prince has a financial interest, filed a petition to remove several notices of lis pendens and an affidavit of adverse possession from title records to property it owned. Miller had filed the notices in the

---

[1] The underlying case is *JAS Family Limited Partnership #4 Ltd. v. Paula M. Miller*, cause number 65767, pending in the 149th District Court of Brazoria County, Texas, the Honorable Terri Holder presiding.

Brazoria County real property records to halt the sale of the property. Miller alleged that it belonged to the community estate. On November 12, 2013, the trial court conducted a hearing.

After the hearing, Miller moved to recuse the trial court judge. The trial court judge declined to recuse and referred the motion to the Presiding Judge of the Second Administrative Region pursuant to Rule 18a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 18a. In January 2014, the Presiding Judge denied Miller's motion to recuse, finding it to be "groundless and filed in bad faith for purposes of harassment and/or to cause unnecessary delay without sufficient cause," and ordered Miller to pay JAS's attorney's fees.

Meanwhile, on November 14, 2013, Miller sought a writ of prohibition from this Court to enjoin the trial court from ruling in the Brazoria County proceeding. In conjunction with her petition, Miller requested an emergency stay of the proceedings. We denied the emergency stay and the en banc Court denied Miller's subsequent motion for rehearing en banc. We also denied Miller's petition for writ of prohibition. *In re Miller*, 433 S.W.3d 82 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Miller further sought to stay the proceedings by filing for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. After being denied further requests for continuances in the case, the bankruptcy court gave

Miller the option of either (i) taking the stand and continuing her examination by the Chapter 13 trustee or (ii) dismissing her case with prejudice. Miller chose to dismiss her bankruptcy case with prejudice. The bankruptcy court issued its dismissal order on August 11, 2014.

In January 2015, the state trial court (1) denied a request by Miller to abate the case and (2) granted JAS's requested relief. The court ordered that the notices of lis pendens and affidavit of adverse possession filed by Miller "should be released and be of no further force and effect." The court ordered Miller to execute releases of the lis pendens and affidavit of adverse possession. Miller appealed the trial court's order. In July 2015, after the clerk of this Court notified Miller that her appeal was subject to dismissal, we dismissed the appeal because Miller failed to pay the necessary fees and arrange for preparation of the record. *Miller v. JAS Family Ltd. Partnership #4, Ltd.*, No. 01-15-00286-CV, 2015 WL 4099330 (Tex. App.— Houston [1st Dist.] July 7, 2015, no pet.).

After we dismissed Miller's appeal, the trial court ordered Miller to appear at a hearing in September 2015 to execute the releases it had ordered her to execute. Miller failed to appear at the hearing. The trial court then ordered Miller to appear on November 19, 2015 for contempt proceedings. After Miller failed to appear for the contempt hearing, the trial court ordered that Miller be taken into custody and brought before the court:

> It is ORDERED that any Sheriff or constable of the State of Texas shall attach Paula M. Miller and bring her immediately to the courtroom of the undersigned. If this Court is not in session at the time she is delivered, she shall be held in custody of the Sheriff of Brazoria County, Texas until the next occasion that this Court is in session. The Sheriff of Brazoria County Texas is thereafter ordered to bring her to the courtroom of this Court on the earliest date and time that this Court is in session.

The court further ordered that Miller "may be released upon payment of a $25,000.00 cash appearance bond requiring her to appear on the first date that this Court is in session and to remain thereafter day to day until the contempt in this cause has been concluded."

Miller was taken into custody on December 9, 2015. Michael Brown produced a $25,000 cash bond on December 11, 2015 to secure Miller's release. The sheriff's office provided Brown with a receipt for the return of the money after the proceedings were concluded. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 17.02 (West Supp. 2015) (entitling person in whose name receipt for bond payment in criminal case was issued to repayment on presentation of the receipt after the defendant complies with the conditions of her bond).

Miller then appeared before the court on December 15, 2015. She argued that the contempt proceedings should be dismissed as moot because (1) she had appeared before the court, and (2) prior to the hearing, she had signed releases that she drafted rather than those approved by the trial court. The trial court denied the request to dismiss the proceedings and a contempt hearing was scheduled for February 9, 2016.

5

Before the February 2016 hearing, Miller moved to continue or dismiss the contempt hearing, arguing that, because she is a licensed attorney, she was entitled to (1) post a personal recognizance bond rather than the $25,000 cash bond, and (2) an independent judge to hear arguments regarding contempt.[2]

At the February 9th hearing, the trial court denied Miller's request to dismiss the contempt proceedings. The court ordered the parties to prepare briefs and continued the contempt hearing to the afternoon of February 19, 2016.[3]

On the morning of her February 19, 2016 contempt hearing, Miller filed a petition for writ of mandamus with this Court requesting that we (1) dismiss the contempt proceedings against her, (2) compel return of the $25,000 cash bond, (3) reverse the trial court's order to sign and file releases, (4) recuse the trial court judge from any further proceedings in the case, and (5) have the contempt hearing assigned to an independent judge. In conjunction with this petition, Miller again sought an emergency stay of proceedings in the trial court, including the afternoon contempt hearing scheduled that day. We denied Miller's request. This opinion disposes of the mandamus petition.

---

[2] The motions included in the petition's appendix are not file-stamped but purport to have been sent to opposing counsel on February 5, 2016.

[3] Miller states in her petition that there is no reporter's record for the February 9, 2016 hearing.

James Prince then filed an application to garnish the bail money paid into the court registry to satisfy a judgment that Miller owed from a related proceeding.

At the February 19 hearing, the trial court held Miller in contempt. It ordered that she be jailed until she executed the releases of the lis pendens in the real property records as ordered. Although the trial court's judgment indicates that there is a reporter's record, Miller has not provided a copy of the record of the hearing.

Miller then executed the releases; thus, the trial court did not issue a bench warrant for her arrest. The court also issued a judgment against Miller for $8,647, for JAS's attorney's fees.

Brown moved in the trial court for the return of the bond money that he had posted.[4] Miller and Brown filed a second mandamus petition, also seeking the return of the $25,000 bond and reimbursement of attorney's fees.

## DISCUSSION

Miller's first petition, filed on the morning before her contempt hearing, requested that we cease or dismiss the contempt proceedings against her, return the cash bond, recuse the trial judge from hearing the contempt matter, require an independent judge to hear her contempt matter, and reverse the trial court's order to release the notices in the real property records. The second petition, filed by Miller

---

[4] The motion included in the record is not file-stamped, but purports to have been sent to opposing counsel on February 23, 2016.

7

and Brown after Miller was held in contempt and had complied with the trial court's order, requests (1) the return of the money paid to ensure Miller's appearance for her contempt proceedings and (2) attorney's fees. The second petition also requests that we (1) "Order as void any finding by the trial court of Contempt against Miller pertaining to the Show Cause Hearings and/or releases;" and (2) "Order as void each of the releases of lis pendens and affidavit of adverse possession that the trial court ordered Miller to sign under threat of jail."

## I.    Standard of Review

To be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece,* 341 S.W.3d 360, 364 (Tex. 2011, orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). Mandamus will not issue "when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs*., 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)).

A writ of mandamus may issue to compel a public official to perform a ministerial act when the petitioner has no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991); *Guthery v. Taylor*, 112 S.W.3d 715, 720 (Tex. App.—Houston [14th Dist.] 2003, no pet.). An act is ministerial when the law spells out the duty to be performed by the official with enough certainty that nothing is left to the exercise of discretion. *Anderson*, 806 S.W.2d at 793; *Guthery*, 112 S.W.2d at 720.

## II.     The Contempt Proceedings

In her first mandamus petition, Miller requested that we stop the contempt proceedings, recuse the trial court judge from conducting the hearing, reverse the order requiring execution of the releases, and order an independent judge to preside over the contempt hearing. These requests were rendered moot on the day that she filed the petition, because during the hearing, Miller complied with the order requiring release of the lis pendens.

The second mandamus petition, filed after the contempt proceedings were concluded, reasserts these complaints. But Miller executed the notices that were the basis for her being held in contempt and she has been released by the trial court; thus, her renewed challenges are also moot. *See*, *e.g.*, *Ex parte Kimsey*, 915 S.W.2d 523, 527 (Tex. App.—El Paso 1995, no writ) (op. on reh'g) (citing *Ex parte McKenzie*, 909 S.W.2d 502, 503 (Tex. 1995)) ("Inasmuch as the obligation for

9

which Kimsey was adjudicated in contempt and incarcerated has been discharged, the validity of the contempt order is now moot."); *In re Cornyn*, 27 S.W.3d 327, 332 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding) ("Mandamus will generally not lie over a contempt order assessing confinement, and neither will habeas relief if, as here, the confinement was suspended.") (citing *Deramus v. Thornton*, 333 S.W.2d 824, 827, 832 (Tex. 1960) (op. & op. on reh'g)).

Miller further requests that we "void" the releases that she executed. But release of the the lis pendens and affidavit of adverse possession that the trial court ordered released was determined by the final judgment that no marriage existed, a judgment that was affirmed on appeal and for which the mandate has issued.

Miller next seeks the trial court's recusal, but points to no verified motion to recuse other than the one that the presiding judge denied as groundless and filed in bad faith. Mandamus relief is not available for the denial of a motion to recuse. *In re McKee*, 248 S.W.3d 164, 165 (Tex. 2007) (orig. proceeding) ("We have held that mandamus is not available for the denial of a motion to recuse.") (citing *In re Union Pac. Res. Co.,* 969 S.W.2d 427, 428–29 (Tex. 1998) (orig. proceeding)); *see also* TEX. R. CIV. PROC. 18a(j)(1) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."). To the extent Miller requests that this Court directly order the trial court to recuse without a verified motion to recuse, the request cannot be made to this Court by mandamus in

the first instance. Because Miller's request was not properly presented in the trial court, the record does not support such mandamus relief.

## III.    The Cash Bond

Brown and Miller assert that Brown filed a motion with the trial court seeking the return of the $25,000 and that the trial court failed to rule on the motion and return the funds.  Prince responds that the money should be diverted from the court's registry to pay an outstanding judgment for attorney's fees against Miller in these proceedings.

Contempt proceedings are quasi-criminal in nature and should conform "as nearly as practicable" to criminal proceedings. *In re Office of Att'y Gen.*, 422 S.W.3d 623, 631 n.11 (Tex. 2013) (orig. proceeding) (quoting *Ex parte Sanchez*, 703 S.W.2d 955, 957 (Tex. 1986)); *Byram*, 662 S.W.2d 147, 150 (Tex. App.—Fort Worth 1983, no writ); *In re Luebe*, 983 S.W.2d 889, 890 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) ("[C]ontempt cases are considered quasi-criminal in nature, and their proceedings should conform as nearly as practicable to those in criminal cases."); *see also In re Houston*, 92 S.W.3d 870, 876 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) ("Civil contempt proceedings are quasi-criminal in nature, and the contemnor is entitled to procedural due process throughout the proceedings."). We thus look to authority regarding the return of bonds in criminal cases for guidance.

11

In criminal cases, bond money must be returned once the defendant appears for trial and complies with the other conditions for release. TEX. CODE CRIM. PROC. ANN. art. 17.02 ("Any cash funds deposited under this article shall . . . be refunded in the amount shown on the face of the receipt . . . after the defendant complies with the conditions of the defendant's bond . . . ."); *see De Leon v. Pennington*, 759 S.W.2d 201, 202 (Tex. App.—San Antonio 1988, orig. proceeding) (observing that bail bonds are "not a revenue measure intended to be a substitution for a fine or to turn the securities of the alleged offender into a penalty").

In *Baize v. Shaver*, we confronted a trial court order that allowed the State to confiscate, as restitution for the victim, bail money paid by the defendant's brother. 935 S.W.2d 498, 498–99 (Tex. App.—Houston [1st Dist.] 1996, no pet.). We held that the State could not take this money for any reason other than a violation of the defendant's release conditions. *Id.* Concluding that the trial court violated a ministerial duty by failing to order the clerk to return the bail money, we granted mandamus relief. *Id.* at 500. We hold that the same rule applies to make mandamus available to compel the release of a bond in a contempt proceeding upon the proper showing of compliance.

To be entitled to mandamus relief for a trial court's refusal or failure to act, however, Miller and Brown must establish not only that the trial court had a legal duty to perform a non-discretionary act, but also that they demanded performance,

12

and the court refused or failed to act within a reasonable period of time. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *In re Layton,* 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). In other words, they must demonstrate that the trial court received, was made aware of, and was asked to rule on the motion for return of the cash bond. *See In re Blakeney*, 254 S.W.3d 659, 661-62 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Brown's motion for release of the bond included in Relators' appendix to their petition is not file-stamped by the district court. Relators refer to Tab 20 of the appendix as including an "E-file Receipt Showing Filing of Relator Michael Brown's Motion for Release of $25,000 Cash Bail . . .," but no such document is included in the appendix. As the parties seeking relief, it is their burden to provide an accurate record that establishes their right to mandamus relief. *See Walker*, 827 S.W.2d at 837.

Even if the record demonstrated that the motion for release of the bond was filed, the filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424,

13

426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (denying mandamus petition where relator did not ask for a hearing on his motions or take any action to alert trial court that it had not yet considered his motions); *cf. In re Shredder Co.*, 225 S.W.3d 676, 680 (Tex. App.—El Paso 2006, orig. proceeding) ("Relator has made repeated requests for a ruling on its motion.").

Because Miller and Brown do not present a record demonstrating that they presented their motion to release the cash bond to the trial court or secured a ruling on that request, they have failed to demonstrate that they are entitled to mandamus relief.[5]

## IV. Remaining Requests for Relief

Miller requests a declaratory judgment that she did not commit contempt, that the bail was excessive, the contempt order is void or voidable, and the lis pendens releases executed by Miller are void or voidable. Miller requests that the trial court judge be disqualified from the case because Miller claims that she has named the judge as a co-defendant, alleging civil rights violations, due process violations, conspiracy, false imprisonment, abuse of process, and intentional infliction of emotional distress. Miller has not provided evidence that any of these requests were properly presented in the trial court and ruled upon. Nor has she demonstrated that

---

[5]    Miller alleges in her briefing that the trial court has not released the bond due to Prince's pending application for a writ of garnishment. She has provided no record, however, that demonstrates that the trial court has refused to release the bond.

14

she lacks an adequate remedy by appeal. Mandamus will not issue "when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs*., 210 S.W.3d 609, 613 (Tex. 2006, orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 135–36). The incomplete record provided in support of the petition fails to demonstrate the lack of an adequate legal remedy absent mandamus relief.

## V.    Attorney's Fees

Finally, Miller and Brown request that we award them their attorney's fees, citing Rule 45 of the Texas Rules of Appellate Procedure, which authorizes us to award attorney's fees to the prevailing party in an appeal if we determine that the appeal was frivolous. *See* TEX. R. APP. P. 45.  Because this is an original proceeding, Rule 52.11 applies, not Rule 45. TEX. R. APP. P. 52.11. Pursuant to Rule 52.11, we may impose sanctions on a party who acts in bad faith by:

> a.  filing a petition that is clearly groundless;
> b.  bringing the petition solely for delay of an underlying proceeding;
> c.  grossly misstating or omitting an obviously important and material fact in the petition or response; or
> d.  filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

*Id.* We have reviewed the record and conclude that Miller and Brown have not demonstrated that JAS has violated Rule 52.11. Accordingly, we deny Relators' requests for attorney's fees. *See id.*

We caution Miller that further filings in this court, including any record prepared and submitted by Miller, must comply with Rule 52.11, if an original proceeding, or Rule 45, if an appeal. Any violation of these rules will result in appropriate sanctions.

## Conclusion

For the foregoing reasons, we deny the relief requested in the mandamus petitions. Any pending motions are dismissed as moot.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.