**Arthur Lawrence DEAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–01032–CR.**

Court of Appeals of Texas, Dallas.

Aug. 28, 1985.

Rehearing Denied Oct. 14, 1985.

John A. Haring, Brook A. Busbee, Dallas, for appellant.

Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and WHITHAM, JJ.

SPARLING, Justice.

We withdraw our former opinion and substitute the following as the opinion of this court.

Arthur Lawrence Dean was convicted by a jury of aggravated robbery. He appeals his 15-year sentence, contending that provisions of the Texas Speedy Trial Act, TEX. CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1985) were violated; that on reindictment the State relied on evidence excluded by an expunction order; that appellant's fingerprints, found at the robbery site, were insufficient evidence of his guilt; and that the indictment should have been quashed for failing to specify which act or omission by appellant constituted an element of the offense charged. We do not agree with these contentions and therefore affirm appellant's conviction.

Appellant was found guilty of robbing a drive-in movie cashier at gunpoint as she carried the day's receipts from the cashier's booth to the office through a tunnel connecting the two. A wall completely surrounded the tunnel, which could be entered through doors in the cashier's booth and the office or by climbing over the wall. Police identified a fingerprint found on the wall to be appellant's. Although the robbers were wearing masks, the cashier testified that one of them physically resembled appellant.

■ Appellant first contends that his rights under the Texas Speedy Trial Act were violated because more than seven months elapsed between his initial arrest and the trial in this cause. The pertinent dates are as follows:

June 30, 1982 Robbery of drive-in movie cashier and assistant manager.

July 23, 1982 Appellant arrested for both robberies.

August 23, 1982 Grand jury returned no-bills on both robberies.

October 20, 1982 Appellant petitioned court to expunge both arrests from his record.

December 9, 1982 Magistrates signed an order expunging appellant's record as requested, without opposition from the State.

February 21, 1983 Grand jury indicted appellant for aggravated robbery.

February 25, 1983 State announced ready for trial.

Appellant argues that the Speedy Trial Act time period commenced on July 23, 1982, his date of arrest, and continued running until February 25, 1983, the date the State announced ready for trial. We do not agree and hold instead that the time period from August 23, 1982, the date the grand jury returned no-bills on the robberies, until February 21, 1983, the date appellant was indicted, is excluded from the calculation of time under the Speedy Trial Act.

As appellant correctly points out, section 2(a) of the Speedy Trial Act provides that when arrest precedes indictment, the criminal action commences when the defendant is arrested to answer for the same offense or any other offense arising out of the same transaction. *Carr v. State*, 692 S.W.2d 519 (Tex.Crim.App.1984). However, the Speedy Trial Act also provides that several time periods "shall be excluded" from the computation of time under the Act. *See* TEX.CODE CRIM.PROC. ANN. art. 32A.02, § 4 (Vernon 1985). The Speedy Trial Act does not expressly provide for the situation presented here, nor have we found any Texas cases on point, thus, the question is one of the first impression. Question: If a grand jury returns a no-bill after a defendant's arrest and then another grand jury indicts the defendant several months later for the same offense, is the time between the no-bill and the indictment tolled under the Speedy Trial Act? We hold that it is.

Subdivision (10) of the Speedy Trial Act's section 4 provides that "any other reason-

able period of delay that is justified by exceptional circumstances" is to be tolled. TEX.CODE CRIM.PROC.ANN. art. 32A.02 § 4(10) (Vernon Supp.1985). We conclude that the return of a no-bill is an "exceptional circumstance" within the terms of this tolling provision. We come to this conclusion because of our examination of subdivision (7) of section 4. TEX.CODE CRIM. PROC.ANN. art. 32A.02 § 4(7) (Vernon Supp.1985). Subdivision (7) provides that: "[i]f the charge is dismissed upon motion of the state or the charge is disposed of by a final judgment and the defendant is later charged with the same offense or another offense arising out of the same transaction, the period of delay from the date of dismissal or the date of the final judgment to the date the time limitation would commence running on the subsequent charge had there been no previous charge" is to be excluded from the computation of the time by which the state must be ready for trial. Thus if, after a defendant's arrest and indictment, the State itself, gains a dismissal of the indictment, but a later grand jury reindicts the defendant for the same offense, the time between the dismissal and the later reindictment is tolled. The State, when it successfully moves for dismissal of the charge, is fully responsible for the absence of a charge against the defendant. Yet, in this situation, the Speedy Trial Act allows tolling of the time during which the charge is absent, despite the responsibility of the State for the absence of the charge. It would be an absurd result if the Speedy Trial Act did not similarly allow tolling of the time between an initial no-bill and a later indictment, since the State cannot be held fully responsible for the grand jury's return of a no-bill and the consequent absence of an indictment. Unless there is no alternative, courts must not interpret a statute so as to lead to a foolish or absurd result. *McKinney v. Blankenship*, 154 Tex. 632, 642 282 S.W.2d 691, 698 (1955). *Crosland v. Texas Employment Commission*, 550 S.W.2d 314, 317 (Tex.Civ.App.— Dallas 1977, writ ref'd n.r.e.); *see Wade v. State*, 572 S.W.2d 533, 535 (Tex.Crim.App. 1978). In the present case, there is an alternative to such an interpretation, inasmuch as we may interpret the return of a no-bill as an "exceptional circumstance" justifying the delay under section 4(10).

We are aware that cases have held that an "exceptional circumstance" is one which is the result of delay in the judicial process as a whole or one which places an unreasonably difficult burden on the prosecution. *Lopez v. State*, 663 S.W.2d 908, 912 (Tex. App.—Corpus Christi 1983, pet. granted); *see Lloyd v. State*, 665 S.W.2d 472, 475 (Tex.Crim.App.1984). However, no decision has squarely held that a court can find an "exceptional circumstance" *only* in these two categories of cases. Rather, it is apparent that the legislature intended section 4(10) as a catch-all provision to encompass situations in which delay is manifestly justified and should be excluded from the computation of time, even though there is no provision in the Act explicitly excluding the delay. *Cf., In re Corrugated Container Anti-trust Litigation*, 756 F.2d 411, 415 (5th Cir.1985) ("catch-all" exceptions to hearsay rule are also "exceptional circumstances" provisions). Delay is manifestly justified in the case of a no-bill for the same reason that it is justified in the case of dismissal on the State's motion: In both cases, the State's accusation against the defendant has at least formally disappeared. Indeed, delay is even more manifestly justified in the case of a no-bill, since, again, the dismissal treated in subdivision (7) comes about because of the *State's* action. Therefore, we must, to maintain a reasonable construction of the statute, hold that the time between a no-bill and an indictment stemming from the same offense is to be excluded from the computation of time under the Speedy Trial Act.

With the time between the no-bill and the indictment excluded, the State's announcement of ready was timely. The State had thus established a presumption of readiness. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim.App.1979). Appellant failed to present evidence rebutting this presumption. The trial court therefore properly denied appellant's motion to dismiss based

on the Speedy Trial Act. *Barfield,* 586 S.W.2d at 542. We overrule appellant's first ground of error.

Appellant's second ground of error is that the evidence is insufficient to support the conviction. The State's evidence was circumstantial. Its key components were the facts (1) that the police found appellant's fingerprints on a fence enclosing part of the building where the robbery occurred and (2) that the police found a hood (a pillowcase with eyeholes cut out) in appellant's jacket which an eyewitness identified as like the hood the robbers wore, (3) that the eyewitness testified that appellant had approximately the same height and build as one of the robbers, and (4) that appellant was a former employee of the Gemini Drive-In and was familiar with the lay-out of the area in which the robbery occurred.

Appellant challenges the fingerprint evidence with two key facts: First, appellant's prints were found on the outside of the fence pointing down. Appellant concludes that this position of the fingerprints suggest that he was climbing *out* of the robbery site. The second key fact appellant cites is that the cashier who was robbed saw the robbers leave the robbery site through a door. Since the cashier said the robbers left through a door, and *not* by climbing *out* over a fence, appellant concludes that his prints show no connection to the robbery.

Appellant's argument, though, reflects a misreading of the record. Although the fingerprints were on the outside of the fence pointing down, the expert testimony was that the fingerprints, together with a footprint on the inside of the fence, were not consistent with someone climbing from the *inside* of the fence to get *out.* The inference is that the prints reflected someone grabbing the top of the fence to let himself down inside the fence after climbing over the fence from the outside.

■ Appellant says further that there is no evidence that the robbers were ever in the area where the police found the prints. However, the prints indicate that appellant entered the robbery site within twelve hours of the robbery's commission. They were made in a place and in a manner that would indicate unauthorized entry. There was no evidence of any other unauthorized entry at the robbery site within twelve hours of the robbery. There is testimony that the robbers could not have gotten to the area in which the robbery occurred without making an unauthorized entry into the building. The fingerprint evidence alone is thus arguably sufficient to support the conviction. *See Phelps v. State,* 594 S.W.2d 434, 436 (Tex.Crim.App.1980). Yet, even if the fingerprint evidence alone is not sufficient, it and the evidence concerning the hood, appellant's height and build, and appellant's familiarity with the robbery site clearly established a totality of circumstances that excludes any reasonable hypothesis other than appellant's guilt. Consequently, we find the evidence sufficient. *Freeman v. State,* 654 S.W.2d 450, 456 (Tex.Crim.App.1983) (on rehearing). We overrule appellant's second ground of error.

■ Appellant's third and fourth grounds of error both rely on the premise that there was a valid expunction order expunging all files and records relating to appellant's original arrest for the offense that is the subject of this appeal. Appellant's third ground of error is that the trial court erred in denying his motion to quash the indictment since the State obtained the indictment through the use of files and records that should have been destroyed pursuant to an order of expunction. His fourth ground of error is that the trial court erred in denying appellant's motion to suppress evidence in that the evidence in question constituted a record or file that should have been destroyed pursuant to an order of expunction. We conclude, however, that the record does not contain a valid order expunging these records or files. We come to this conclusion because the magistrate who issued the expunction order in the record had no authority to do so. The Magistrate's Act, TEX.REV.CIV. STAT.ANN. art. 1918c § 4(a) (Vernon

Supp.1985) provides that "[t]he judge of a court having a magistrate appointed as provided by this Act may refer to the magistrate any *criminal* case ..." (emphasis added). An expunction case is not a criminal case but, rather, a civil case. *State v. Henson,* 573 S.W.2d 548 (Tex.Crim.App. 1978) (en banc), *overruled on other grounds, Weiner v. Dial,* 653 S.W.2d 786, 787–88 (Tex.Crim.App.1983); *Texas Department of Public Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ), *Cyrus v. State,* 601 S.W.2d 776, 777 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). The judge therefore could not properly refer the expunction matter to the magistrate. The magistrate's action in the expunction case was consequently void.

Thus, since grounds of error three and four are founded on appellant's contention that there was a valid order expunging the records and files relating to his arrest, they must fall with the failure of the record to show such an order. We therefore overrule appellant's third and fourth grounds of error.

 Appellant's fifth and final ground of error contends that the trial court erred in overruling appellant's motion to quash the indictment since, in the indictment, the State failed to specify which act or omission of the accused constituted an element of the offense. Appellant's complaint, more particularly, is that the indictment alleges that he used and exhibited a deadly weapon "in the course of committing theft," but that the indictment did not specify whether appellant used and exhibited the deadly weapon in an attempt to commit theft, during the commission of theft, or after the attempt or commission of theft. Appellant contends that the indictment therefore failed to give him sufficient notice, since all of these stages of action are encompassed in the statutory definition of "in the course of committing theft." TEX. PENAL CODE ANN. § 29.01(1) (Vernon 1974). This court has rejected appellant's contention in *Preston v. State,* 641 S.W.2d 638, 639 (Tex.App.—Dallas 1982, pet ref'd), on the authority of *Linville v. State,* 620

S.W.2d 130, 131 (Tex.Crim.App.1981). We overrule appellant's fifth and final ground of error.

We affirm the judgment of the trial court.