**GAMBLING PARAPHERNALIA, DEVICES, EQUIPMENT AND PROCEEDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–99–01105–CV.

Court of Appeals of Texas, Dallas.

June 12, 2000.

J. Michael Alexander, Dallas, for Appellant.

Katherine A. Drew, Asst. Crim. Dist. Atty., Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES, and ROACH.

## OPINION

JOHN R. ROACH, Justice.

In this appeal, we must decide whether the criminal court magistrate had statutory authority to consider a motion for forfeiture of gambling proceeds, devices, equipment, and paraphernalia. We conclude the matter was a civil proceeding for which the magistrate had no statutory authority; thus, the trial court erred in referring the matter to the magistrate. Accordingly, we sustain the first point of error and remand for proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 1999, the Cedar Hill Police Department executed a search warrant at Jake and Joey's Gameroom and seized currency, gift certificates, and alleged gambling equipment, including forty-one wooden cabinet machines, commonly referred to as "eight-liners" and "five-liners." The warrant was signed by Criminal District Court Judge Janice Warder. Eight days later, Davimar, Inc., owner of the seized property, filed a motion seeking return of the seized property pursuant to article 18.18(f) of the Texas Code of Criminal Procedure. Thereafter, the Cedar Hill Police Department filed a motion for forfeiture of the "gambling proceeds, devices, equipment and paraphernalia" seized from the gameroom. The motion asserted the Dallas County District Attorney's Office had notified the department in writing that no criminal prosecution would arise from the seizure of the property. Judge Warder signed an order referring the forfeiture motion and "all ancillary motions" to Boyd Patterson, chief magistrate for the criminal district courts. Magistrate Patterson set the matter for a hearing.

At the hearing, Davimar challenged the magistrate's authority to hear the case. In particular, Davimar argued that because there was no criminal case filed, the forfeiture matter was civil in nature and outside the magistrate's statutory authority. Magistrate Patterson overruled the objection and proceeded with the hearing. At its conclusion, he determined the machines seized were gambling devices as defined in section 47.01(6) of the penal code and that the currency and gift certificates seized were gambling proceeds. Magistrate Patterson recommended (1) the machines be destroyed and (2) the currency and gift certificates be forfeited to the State. Judge Warder signed an order adopting the magistrate's recommendations. Davimar filed a timely motion for new trial, which was denied. Davimar appealed.

AUTHORITY OF THE MAGISTRATE

In its first point of error, Davimar argues the trial court erred by referring a civil forfeiture proceeding to the magistrate because the matter was outside the magistrate's statutory authority. We agree.

Section 54.301 of the government code authorizes Dallas County's criminal district judges to appoint a magistrate to "perform the duties authorized by this subchapter." TEX. GOV'T CODE ANN. § 54.301(a) (Vernon 1998). A magistrate appointed under this law is not a judge in his own right but acts as a surrogate of the

duly elected judge of the district court. *See Davis v. State*, 956 S.W.2d 555, 559 (Tex.Crim.App.1997). In other words, he acts as an agent of the district courts and has no authority of his own. *See id.* If the district judge has authority over the case, and the magistrate is qualified to be a magistrate, and *he performs acts authorized under the government code*, his acts are not void. *Id.* Section 54.306 of the government code sets out those matters that can be referred to the magistrate:

(a) A judge may refer to a magistrate any matter *arising out of a criminal case* involving:

(1) a negotiated plea of guilty or nolo contendere before the court;

(2) a bond forfeiture;

(3) a pretrial motion;

(4) a postconviction writ of habeas corpus;

(5) an examining trial;

(6) an occupational driver's license;

(7) an appeal of an administrative driver's license revocation hearing; and

(8) any other matter the judge considers necessary and proper.

(b) The magistrate may not preside over a trial on the merits, whether or not the trial is before a jury.

TEX. GOV'T CODE ANN. § 54.306 (Vernon Supp.2000) (emphasis added).

The referral in this case involved the forfeiture of property pursuant to article 18.18(b) of the code of criminal procedure, which governs the disposition of gambling paraphernalia when there is no prosecution or conviction following seizure.[1] Section 54.306 has no specific provision governing article 18.18 forfeitures; therefore, the referral could only implicate section 54.306(a)(8), "any other matter the judge considers necessary and proper." The dispositive question in this case is whether this forfeiture proceeding meets the threshold, statutory limitation of "arising out of a criminal case."

 A statutory proceeding for the forfeiture of personal property is one *in rem*, not against the owner but against the property itself, and is a proceeding of a civil nature in that it does not involve the conviction of the owner or possessor of the property seized. *State v. Rumfolo*, 545 S.W.2d 752, 754 (Tex.1976) (analyzing a forfeiture under article 18.18(b)); *see State v. $217,590.00*, 18 S.W.3d 631, 636 (Tex. 2000) (Abbott, J., concurring). The basic premise of an *in rem* forfeiture proceeding is that, while the possessor may not be guilty of any criminal offense, the property seized is of such a nature that it should be destroyed or confiscated by the State. *See State v. Dugar*, 553 S.W.2d 102, 104 (Tex. 1977) (analyzing article 18.18(b) forfeiture).

 Here, the evidence showed the State elected not to prosecute the owners of the seized property for any violations of the penal code. Thus, contrary to the State's assertions, no criminal case was pending. *See Hankamer v. Templin*, 143 Tex. 572, 187 S.W.2d 549, 550 (1945) (orig.proceeding) (defining a criminal case as "an action, suit, or cause instituted to secure a conviction and punishment for crime"). Although we recognize the case began as a criminal investigation—as reflected in the allegations in the search

---

1. Article 18.18(b) provides:

If there is no prosecution or conviction following seizure, the magistrate to whom the return was made shall notify in writing the person found in possession of the alleged gambling device or equipment, altered gambling equipment or gambling paraphernalia, gambling proceeds, prohibited weapon, obscene device or material, criminal instrument, or dog-fighting equipment to show cause why the property seized should not be destroyed or the proceeds forfeited.... A law enforcement agency shall make a motion under this section in a timely manner after the time at which the agency is informed in writing by the attorney representing the state that no prosecution will arise from the seizure.

TEX.CODE CRIM. PROC. ANN. art. 18.18(b) (Vernon Supp.2000). Sections (c), (d), (e), and (f) provide details on notice, hearing, and evidence in forfeiture cases brought under (b).

warrant affidavit—clearly it lost its "criminal" character when the State elected not to prosecute. It is at that point Davimar sought to reclaim its property and the State sought to have it forfeited. Thus, at the time the judge referred the case to the magistrate, the matter was civil in nature and, therefore, outside the magistrate's statutory authority.

We find support for this conclusion in the decision reached in *Dean v. State*, 697 S.W.2d 683 (Tex.App.-Dallas 1985), *aff'd*, 749 S.W.2d 80 (Tex.Crim.App.1988). In *Dean*, this Court concluded without analysis that an expunction case is not a criminal case, but a civil case, and the trial judge could not properly refer it to the magistrate. *Dean*, 697 S.W.2d at 686–87. We perceive a distinct similarity between an expunction and a forfeiture proceeding.

■ An expunction, although related to a criminal matter, is not in and of itself a criminal case. Its purpose is to expunge all records and files relating to an arrest if certain conditions apply. Expunction of criminal records is governed by Chapter 55 of the code of criminal procedure. Likewise, this forfeiture is governed by the code of criminal procedure and, although spawned from a criminal investigation, it is no longer ancillary to any criminal case. While we recognize any forfeiture under article 18.18(b) will require applying the definition of gambling devices and paraphernalia found in the penal code to the specific facts of the case, we are not persuaded that the mere involvement of the criminal law converts this suit into a "criminal case."[2]

Finally, although the State argues we should view the proceeding as criminal in nature because "its object, like a criminal proceeding, is to penalize for the commission of an offense," we disagree. In *Rumfolo*, the Texas Supreme Court dealt specifically with an article 18.18(b) forfeiture and stated that the proceeding was civil in nature. *See Rumfolo*, 545 S.W.2d at 754. More recently, in *Fant v. State*, 931 S.W.2d 299 (Tex.Crim.App.1996), the Texas Court of Criminal Appeals analyzed the Chapter 59 forfeiture statute to determine whether it constituted "punishment" for double jeopardy purposes and concluded it did not. Therefore, under these circumstances, we decline the State's invitation to construe this proceeding as one "involving a criminal case."

We conclude the forfeiture matter was not a matter arising out of a criminal case; therefore, the trial court erred in referring the matter to the magistrate. We sustain the first point of error. Because of our disposition of this point of error, we need not address the second point of error.

We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

---

**2.** We note the Texas Supreme Court recently addressed an issue regarding civil forfeiture proceedings under Chapter 59. *See State v. $217,590.00*, 18 S.W.3d 631 (Tex.2000). The Court presumed, because the parties had presumed, that the criminal exclusionary rule applied to civil forfeitures. However, Justice Abbott, in a concurring opinion, urged "future civil forfeiture litigants to raise the issue." *Id*, at 636 (Abbott, J., concurring).