NO. 07-02-0519-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL A



SEPTEMBER 12, 2003


______________________________




POTTER COUNTY ATTORNEY'S OFFICE; SONYA LETSON,


POTTER COUNTY DISTRICT ATTORNEY; AMARILLO POLICE DEPARTMENT;


AND JERRY NEAL, AMARILLO CHIEF OF POLICE, APPELLANTS



V.



STARS & STRIPES SWEEPSTAKES, L.L.C., APPELLEE



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 90,093-D; HONORABLE DON E. EMERSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION


 This is an interlocutory appeal from the trial court's denial of pleas to its jurisdiction. 
Appellee Stars & Stripes Sweepstakes, L.L.C., brought suit in the 320th District Court of
Potter County against the Potter County Attorney's Office, Sonya Letson, Potter County
District [sic] Attorney, the Amarillo Police Department, and Jerry Neal, Amarillo Chief of
Police, seeking release of 124 electronic amusement machines, known as eight-liners. 

 Appellee is the owner of the machines and leased them to Sunrise Entertainment,
which maintained a place of business in Amarillo, Potter County. Amarillo police officers
seized the machines and other items alleged to be gambling paraphernalia while executing
a search warrant at Sunrise Entertainment on May 16, 2002. The search warrant was
issued by the Hon. John B. Board, judge of the 181st District Court of Potter County. 

 Appellee filed the instant suit on July 26, 2002. On July 31, 2002, 15 felony
indictments were handed down in the 181st District Court against five individuals associated
with Sunrise Entertainment. On August 16, 2002, misdemeanor charges were filed in
County Court at Law No. 1 of Potter County against two others associated with the
business. (1) The seized eight-liners are being held by the Amarillo Police Department. 

 The Potter County Attorney's Office and Sonya Letson (Potter County) filed a plea
to the jurisdiction requesting the 320th District Court to dismiss the suit against them for
want of subject matter jurisdiction. The City of Amarillo (City), responding for Amarillo
Police Department and Jerry Neal as Amarillo Chief of Police, filed a motion to dismiss for
lack of jurisdiction, also challenging the court's subject matter jurisdiction. After a hearing,
the trial court denied both challenges to the jurisdiction. Finding merit in appellants'
interlocutory appeal, we will reverse the trial court's rulings. 


APPELLATE JURISDICTION OVER INTERLOCUTORY APPEAL

 We first consider our own jurisdiction over this interlocutory appeal. Generally, a
Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment. 
Kaplan v. Tiffany Dev. Corp., 69 S.W.3d 212, 217 (Tex.App.-Corpus Christi 2001, no pet.). 
Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders
only if a statute explicitly provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352,
352-53 (Tex. 1998). We strictly construe statutes giving us jurisdiction over interlocutory
appeals. America Online, Inc. v. Williams, 958 S.W.2d 268, 271 (Tex.App.-Houston [14th
Dist.] 1997, no writ). Here, appellants are relying on section 51.014(a)(8) of the Civil
Practice and Remedies Code in appealing the court's orders. This section provides that
an order granting or denying a plea to the jurisdiction by a governmental unit, as that term
is defined by section 101.001, may be challenged immediately by appeal. Tex. Civ. Prac.
& Rem. Code Ann. §§ 51.014(a)(8), 101.001 (Vernon Supp. 2003). 

 The term, "governmental unit" means "the state [of Texas] . . .," "a political
subdivision of this state, including any city, county, . . . " and "any other institution, agency,
or organ of government the status and authority of which are derived from the Constitution
of Texas or from laws passed by the legislature under the constitution." Tex. Civ. Prac. &
Rem. Code Ann. § 101.001(3)(A), (B), (D). Appellee's live pleading names as defendants 
"Potter County Attorney's [O]ffice . . . an agency of the State of Texas . . . Sonya Letson,
Potter County [A]ttorney . . . an agent of the State of Texas . . . Amarillo Police Department 
. . ." and "Jerry Neal, Chief of Police of the Amarillo Police Department." We must
determine if appellants are "governmental units" as defined by section 101.001. 

 This court, pointing to the doctrine that a suit against a governmental official in his
or her official capacity alone is essentially a suit against the governmental entity, has held
that such suits may properly be the subject of interlocutory appeals under section
51.014(a)(8) as suits against governmental units. Ware v. Miller, 82 S.W.3d 795, 800
(Tex.App.-Amarillo 2002, pet. denied); Friona Indep. Sch. Dist. v. King, 15 S.W.3d 653,
657 n.3 (Tex.App.-Amarillo 2000, no pet.). (2) Although appellee's petition does not
specifically state whether the suit is brought against Letson and Neal in their individual or
official capacities, it does identify Letson as "an agent of the State of Texas" and Neal as
"Chief of Police of the Amarillo Police Department." Looking to the substance of the
pleadings, the relief appellee seeks is narrowly described. Appellee does not seek
personal damages against Letson or Neal, but asks that they be required to take action in
their official capacities. We find, therefore, that appellee's claims are not personal in
nature, and that Letson and Neal are sued in their official capacities.

 A county is specifically listed as a "governmental unit" in section 101.001(3)(B) of
the Civil Practice and Remedies Code. In addition, the Office of County Attorney is
created by the Texas Constitution, and therefore would also be considered a governmental
unit under section 101.001(3)(D). Tex. Const. art. V, § 21. Consequently, Letson in her
capacity as County Attorney and the Office of County Attorney are entitled to appeal the
district court's order denying their plea to the jurisdiction. Civ. Prac. & Rem. Code §
51.014(a)(8).

 A city in Texas is considered a political subdivision of the state and as such is a
governmental unit. § 101.001(3)(B). Appellee does not challenge the City's contentions
that the Amarillo Police Department is not a body separate from the City, and that
appellee's suit against the police department is thus against the City. We also have
jurisdiction to consider the interlocutory appeal of Neal and the City. 

PLEA TO JURISDICTION

 A plea to the jurisdiction challenges the trial court's authority to determine the
subject matter of the action. See Dolenz v. Texas State Bd. of Med. Exam'rs, 899 S.W.2d
809, 811 (Tex.App.-Austin 1995), aff'd, 981 S.W.2d 487 (Tex. 1998). A petition must
allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. Texas
Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). When
considering an interlocutory appeal from a denial of a plea to the jurisdiction, we are not
required to look solely to the pleadings, but may consider evidence relevant to the
jurisdictional issues raised. Texas Dept. of Criminal Justice v. Miller, 51 S.W.3d 583, 587
(Tex. 2001). We construe the pleadings liberally in the plaintiff's favor. Texas Dept. of
Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002); Texas Ass'n of Bus., 852 S.W.2d at
446. Because the question of subject matter jurisdiction is a legal question, we review the
trial court's order denying appellants' pleas to the jurisdiction under a de novo standard of
review. Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002).

 An initial cause of difficulty in this case is that appellee has not been consistent in
describing the relief it seeks in its suit against appellants. Appellee's first amended
pleading in the trial court, entitled Plaintiff's First Amended Petition for Return of Illegally
Seized Property and Motion to Show Cause Subject to Article 18.18(b) of the Texas Code
of Criminal Procedure, alleges that the seized machines are not gambling devices under
the definition in section 47.01, Penal Code, and prays the machines be "released to the
custody of" appellee and the trial court order the defendants to appear and show cause
why the machines should not be "turned over" to appellee. During the hearing on the pleas
to the jurisdiction, appellee asserted that it sought only to be notified of any forfeiture
proceedings, and disclaimed seeking injunctive relief. In its brief to this court, appellee
again states that it is not seeking injunctive relief against any of the defendants, but seeks
a hearing pursuant to Article 18.18(b) of the Code of Criminal Procedure and to require
appellants to provide notice to it of the hearing. Appellee's pleadings, however, must be
judged by their substance, as determined by what effect they will have on the proceeding,
if granted by the trial court. Austin Neighborhoods Council, Inc. v. Board of Adjustment, 644
S.W.2d 560, 565 (Tex.App.-Austin 1982, writ ref'd n.r.e.); Bryan v. General Elec. Credit
Corp., 553 S.W.2d 415, 418 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ). The title of
the pleading does not determine its nature. Surgitek, Bristol-Myers Corp. v. Abel, 997
S.W.2d 598, 601 (Tex. 1999); Ware, 82 S.W.3d at 799.

 Appellants have asserted special exceptions not yet addressed by the trial court,
one of which objects that appellee does not expressly identify the machines it owns as
those seized under the search warrant. We note also that appellee has not pled that it is
entitled to possession of the machines. For purposes of our review of the pleas to
jurisdiction, (3) though, we consider that appellee's petition, construed liberally in its favor,
asserts ownership of the 124 seized machines and seeks to obtain possession of them
against their possible forfeiture or destruction under the forfeiture statutes. 

ISSUES

 Potter County presents two issues, arguing that the trial court lacks subject matter
jurisdiction over appellee's suit (1) because its claim for return of the machines is not ripe
nor does appellee have standing to assert the claim under article 18.18(b) of the Code of
Criminal Procedure; and (2) because appellee's claim amounts to an impermissible effort
to enjoin enforcement of criminal statutes, in contravention of State v. Morales, 869 S.W.2d
941 (Tex. 1994), and following cases. The City presents four issues, first also asserting
that appellee's suit cannot stand under Morales, and, in three additional issues, that
appellee's claim is invalid under article 18.18, that appellee wholly fails to state a
cognizable claim against the City, and that the City is protected from appellee's suit by
sovereign immunity.

RIPENESS AND STANDING

 We first consider Potter County's contention that appellee's claims are not ripe for
adjudication and the related contention that appellee lacks standing to assert its claims.
Potter County points out that appellee's suit is founded on article 18.18(b) of the Code of
Criminal Procedure, which provides for an adjudication of whether seized property is
subject to forfeiture only in instances in which there is no prosecution or conviction
following seizure. Since it is not possible to know whether article 18.18(b) has application
to appellee's eight-liner machines until the criminal proceedings are concluded, the County
argues, appellee's attempt to litigate issues related to the forfeiture of the machines is
premature and therefore unripe. The County also points to the absence of any provision
in article 18.18(b) for an entity such as appellee to initiate a proceeding under that article,
and concludes that appellee's suit must fail because of its lack of standing.

 Ripeness is an element of justiciability, rooted in the prohibition of advisory opinions
by the judiciary. Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc., 971
S.W.2d 439, 442 (Tex. 1998); see Perry v. Del Rio, 66 S.W.3d 239, 249-52 (Tex. 2001). 
The ripeness issue "asks whether the facts have developed sufficiently so that an injury
has occurred or is likely to occur, rather than being contingent or remote." Patterson, 971
S.W.2d at 442. It seeks to avoid premature adjudication, focusing on whether the case
involves "uncertain or contingent future events that may not occur as anticipated, or indeed
may not occur at all." Perry, 66 S.W.3d at 250; Patterson, 971 S.W.2d at 442 (quoting 13
Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure
§ 3532, at 112 (2d ed. 1984)). The U. S. Supreme Court has characterized ripeness as
"peculiarly a question of timing." Regional Rail Reorganization Act Cases, 419 U.S. 102,
140, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974) (quoted in Perry, 66 S.W.3d at 249). Courts lack
jurisdiction to render opinions in controversies that are unripe, premature. See Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 We cannot agree that appellee's claims are unripe for adjudication. The existence
or nature of appellee's claims is not dependent on uncertain future events; under its
pleadings and the evidence before us, its eight-liner machines have been seized and are
being held under a search warrant. Appellee's pleadings seek to protect its interests in its
property by obtaining possession of it. Granted, under chapter 18 of the Code of Criminal
Procedure, appellee's entitlement to possession may depend on the adjudication of issues
such as whether the eight-liners are gambling devices. And, granted, those matters are
also at issue in the criminal cases pending in other courts. (4) These circumstances may
raise issues concerning the prior right of other courts in which related matters are pending,
some of which we address later in this opinion and some of which may be addressed by
pleas in abatement which the trial court has not yet heard and which are not before us. But
these circumstances do not, in our view, raise a question of ripeness. 

 Standing also is a component of subject matter jurisdiction. Tex. Ass'n of Bus., 852
S.W.2d at 444-46. The standing issue relates to the question of who may bring an action.
Patterson, 971 S.W.2d at 442. The general test for standing in Texas is stated to require
that there be a real controversy between the parties that will be actually determined by the
judicial declaration sought. Tex. Ass'n of Bus., 852 S.W.2d at 446. Standing requires a
personal stake in the controversy. In Interest of B.I.V., 923 S.W.2d 573, 574 (Tex. 1996);
Hunt v. Bass, 664 S.W.2d 323, 324 (Tex. 1984).

 The County's standing argument focuses on appellee's invocation of article 18.18(b)
of the Code of Criminal Procedure, and argues that appellee's suit therefore should be
treated as one asserting a statutory cause of action, one created by statute. The County
points out that a proceeding under that article is, by its terms, initiated only by a magistrate
or a law enforcement agency and refers us to cases holding that statutory causes of action
are strictly construed. Tex. Crim. Proc. Code Ann. § 18.18(b) (Vernon Supp. 2003). Again,
though, construing the allegations in appellee's petition in its favor, as we must in this
interlocutory appeal, we do not perceive such a barrier to appellee's standing to attempt
protection of its rights in its eight-liners. Appellee meets the general test for standing.

 Moreover, the County's standing argument based on the requirements for initiation
of a forfeiture proceeding under chapter 18 may well have been rendered moot. As noted
earlier in this opinion, under the supreme court's recent opinion in Hardy v. State, such a
proceeding was initiated when Judge Board received the affidavit and issued the search
warrant by which appellee's machines were seized. 102 S.W.3d at 127. We overrule
Potter County's first issue.

INTERFERENCE WITH CRIMINAL PROCEEDINGS

 We turn to the issue common to Potter County and the City, in which they argue that
appellee's suit implicates the rule discussed in Morales that a court exercising civil
jurisdiction will not interfere with the "ordinary enforcement" of a penal statute unless the
statute is unconstitutional and its enforcement will cause irreparable injury to vested
property rights. Morales, 869 S.W.2d at 945, citing Passel v. Fort Worth Indep. Sch. Dist.,
440 S.W.2d 61, 63 (Tex. 1969). This court has stated that a civil court has jurisdiction to
construe a penal statute and enjoin its enforcement only if the complainant both attacks
the constitutionality of the statute and asserts that its enforcement would irreparably injure
vested property rights. Letson v. Barnes, 979 S.W.2d 414, 418 (Tex.App.-Amarillo 1998,
pet. denied); see Texas Liquor Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891,
894 (Tex. 1970). If either assertion is absent from the complainant's case, then the trial
court has no jurisdiction to enjoin the proceeding. Morales, 869 S.W.2d at 945. The
underlying reason for this rule is that the meaning and validity of a penal statute should
ordinarily be determined by courts exercising criminal jurisdiction. Passel, 440 S.W.2d at
63. 

 The rule has been applied, by this court and others, in cases in which litigants have
sought injunctive relief with respect to the seizure, or threatened seizure, of property
pursuant to search warrant. In Letson, this court held that a trial court lacked jurisdiction
to issue a temporary injunction prohibiting law enforcement officials from pursuing allegedly
improper interpretations of gambling statutes by "seizing, confiscating, forfeiting, or
initiating forfeiture proceedings against" the plaintiffs' eight-liner machines. 979 S.W.2d at
416, 418. 

 In In re Cornyn, a district court issued a temporary restraining order with respect to
computers, documents and cash seized pursuant to search warrants issued by other
district courts. 27 S.W.3d 327 (Tex.App.-Houston [1st Dist.] 2000, no pet.). The restraining
order prohibited the further search or examination of the seized items and required their
return within two days, allowing investigators first to download or copy information. The
court of appeals, analogizing to the holdings of Morales, Texas Liquor Control Bd. and
Letson with other cases, gave the restraining order's interference with the investigation of
crime and the enforcement of penal laws as one of its reasons for finding it void. In re
Cornyn, 27 S.W.3d at 337. (5)

 Similarly, the El Paso Court of Appeals applied a Morales analysis to reverse a
district court's denial of the State's plea to its jurisdiction in a suit challenging the seizure
of eight-liners and seeking an injunction restoring possession of them to the plaintiffs.
Cornyn v. Akin, 50 S.W.3d 735 (Tex.App.-El Paso 2001, no pet.).

 In Sterling v. San Antonio Police Dept., the San Antonio Court of Appeals recently
considered the appeal of a district court's grant of a plea to its jurisdiction in a suit seeking
a temporary restraining order and injunction brought following the seizure of eight-liners,
cash, computers and office equipment. 94 S.W.3d 790 (Tex.App.-San Antonio 2002, no
pet.) Finding that Sterling had not satisfied either element of the test under Morales, the
court affirmed the trial court. 

 Appellee tries to distinguish In re Cornyn, Cornyn v. Akin and Sterling by pointing
out that its pleadings do not seek injunctive relief. Appellee's argument is not persuasive. 
To begin with, as we have noted, appellee's pleadings do not match the description it gives
of them. Its pleadings ask that the eight-liners be released to its custody and that the court
order the defendants to show cause why the machines should not be "turned over" to
appellee. As also noted, the nature of appellee's pleadings is determined by the effect
they will have on the proceeding, if granted by the trial court. Austin Neighborhoods
Council, Inc., 644 S.W.2d at 565. If the trial court granted the relief sought by appellee's
pleadings, it would order that eight-liners, seized and held under a search warrant issued
by another district court in which criminal proceedings arising from the seizure are pending,
be delivered to appellee. Although its pleadings do not mention an injunction, the relief
for which appellee prays may well be characterized as injunctive. Cf. Del Valle Indep. Sch.
Dist. v. Lopez, 845 S.W.2d 808, 809 (Tex. 1992). A request that a court order a party to
take a designated action is in essence a request for injunctive relief. Swanson v.
Community State Bank, 12 S.W.3d 163, 165 (Tex.App.-Houston [1st Dist.] 2000, no writ);
North Side Bank v. Wachendorfer, 585 S.W.2d 789, 793 (Tex.Civ.App.-Houston [1st Dist.]
1979, no pet.). Moreover, in the context of this action seeking custody of items seized
pursuant to a search warrant, any difference in the relief appellee's pleadings seek and the
relief sought in Sterling, Cornyn v. Akin and In re Cornyn is one of nomenclature and not
substance. We find the holdings of those cases to be applicable here. See Sterling, 94
S.W.3d at 795; Cornyn v. Akin, 50 S.W.3d at 738; In re Cornyn, 27 S.W.3d at 338.

 Appellee's suit as currently pled manifestly does not meet either of the requirements
discussed in Morales. Appellee's live pleading contains a paragraph entitled "due
process," which contains the allegation "This illegal action by the [d]efendants has resulted
in depriving the [p]laintiff of its due process right to be heard and make demand of its
property." The pleading contains no allegation, statement or claim, though, that any statute
at issue is unconstitutional. Appellee's brief in this court also makes clear that it is not
asserting the unconstitutionality of any statute. And, although appellee's pleading certainly
complains about the seizure of its machines, it does not contain any allegation of
irreparable injury to property rights. 

 Appellee's argument that article 18.18(b) provides express authority for its initiation
of this proceeding is premised on the notion that article 18.18(a) can have no application
to its machines because appellee has not been charged with a crime. The language of
articles 18.18(a) and 18.18(b) does not support appellee's premise. Tex. Code Crim. Proc.
Ann. art. 18.18(a) and (b). Article 18.18(a) applies following the final conviction of "a
person" for possession of a gambling device. Tex. Code Crim. Proc. Ann. art. 18.18(a). 
The statute contains no requirement that the person convicted be the owner of the device.
Article 18.18(a); see F & H Investments Inc. v. State, 55 S.W.3d 663, 667 (Tex.App.-Waco
2001, no pet.). Article 18.18(b) applies "if there is no prosecution or conviction following
seizure[.]" Tex. Code Crim. Proc. Ann. art. 18.18(b). The statute contains no limitation
regarding the identity of the persons not prosecuted or convicted. Nor do any of the cases
appellee cites support its premise. Appellee relies on F & H Investments, 55 S.W.3d 663;
Gambling Paraphernalia, Devices, Equipment and Proceeds v. State, 22 S.W.3d 625
(Tex.App.-Dallas 2000, no pet.); and Fleming v. State, 704 S.W.2d 530
(Tex.App.-Houston [14th Dist.] 1986, pet. ref'd). Those cases affirm that a forfeiture
proceeding under article 18.18(b) is a civil proceeding, subject to the rules of civil
procedure. But appellants do not dispute that proposition, and the cases do not hold that
any forfeiture proceeding must be conducted under article 18.18(b) unless the person
claiming an interest in the property has been prosecuted. 

 Appellee argues that the court in Gambling Paraphernalia "allowed the property
owner to bring forth a forfeiture before any such action was initiated by the [S]tate." That
case involved the authority of a criminal court magistrate under section 54.306 of the
Government Code. Tex. Gov't Code Ann. § 54.306 (Vernon Supp. 2003). As a part of its
recitation of the procedural background of the case, the court does note that the owner of
the seized property filed a motion seeking return of the property pursuant to article 18.18(f)
of the Code of Criminal Procedure before the State filed a motion for forfeiture. The
propriety of the owner's motion was not an issue in the case, though, and the case's
holding does not support appellee's argument. Too, the opinion states that no criminal
prosecution was involved, 22 S.W.3d at 626, which distinguishes it from this case in which
criminal prosecutions are underway.

 Application of the rule set forth in Morales requires the conclusion that the trial court
has no jurisdiction over appellee's suit seeking possession of the eight-liner machines held
during the pendency of criminal proceedings in another district court pursuant to a search
warrant issued by that court. Appellee's characterization of its suit as one brought under
article 18.18(b) cannot avoid that conclusion.

 We sustain Potter County's second issue and the City's first. 

SOVEREIGN IMMUNITY

 We next address the City's assertion that the trial court lacks subject matter
jurisdiction of appellee's suit against the City because appellee did not plead a waiver of
sovereign immunity. Appellee responds that sovereign immunity has no application to its
suit because it is not seeking money damages, citing General Services Comm'n v. Little-Tex. Insulation Co., Inc., 39 S.W.3d 591 (Tex. 2001). 

 We agree with the City that its immunity from suit bars appellee's suit against it as
currently pled. A proceeding to control the actions of state officials acting within their
authority, even though not seeking damages, is one against the State within the rule of
immunity of the State from suit. Griffin v. Hawn, 161 Tex. 422, 424, 341 S.W.2d 151, 152
(1960); W.D. Haden Co. v. Dodgen, 158 Tex. 74, 78, 308 S.W.2d 838, 840 (1958). 
Although appellee's pleadings refer at some points to the seizure of its machines as illegal,
appellee's witness at the hearing on pleas to the jurisdiction conceded that the machines
were lawfully seized pursuant to the search warrant. Even construing the pleading liberally
in appellee's favor, it cannot, therefore, be viewed as one based on violations of state law,
in the nature of a suit coming within the rule set forth in Cobb v. Harrington, 144 Tex. 360,
190 S.W.2d 709 (1945), as discussed in Federal Sign v. Texas S. Univ., 951 S.W.2d 401,
404 (Tex. 1997). Appellee's suit seeks more than determination of its rights; as pled, it
seeks possession of the eight-liner machines from those holding them under a search
warrant. It seeks to control the actions of officials acting within their authority and cannot
therefore be maintained without legislative consent. The City's issue four is sustained.

DISPOSITION OF APPEAL

 Our disposition of the issues discussed makes it unnecessary that we consider the
City's second and third issues. There remains the question of the proper disposition to be
made of this case. A plaintiff whose pleadings fail to establish jurisdiction is to be afforded
the opportunity to amend its pleadings unless its petition affirmatively demonstrates
incurable defects in jurisdiction, that is, unless it is impossible for the plaintiff to amend its
pleadings to invoke jurisdiction. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.
2002); Ramirez, 74 S.W.3d at 867. We do not consider appellee's petition to demonstrate
such incurable defects. Accordingly, we reverse the trial court's denial of Potter County's
and the City's pleas to its jurisdiction, and remand the case for further proceedings in
accordance with this opinion. Tex. R. App. Proc. 43.2(d).


 James T. Campbell 

 Justice 
1. The indictments allege felony charges of engaging in organized criminal activity
consisting of gambling promotion, possession of gambling devices, and keeping a
gambling place. One additional indictment was sealed. The misdemeanor charges are
keeping a gambling place, gambling promotion, and possession of a gambling device. 
2. But see Castleberry Indep. Sch. Dist. v. Doe
, 35 S.W.3d 777, 779-80
(Tex.App.-Fort Worth 2001 pet. dism'd w.o.j.) (interlocutory appeal not permitted by two
employees, but no information is provided as to whether they were sued in an individual
or official capacity); University of Houston v. Elthon, 9 S.W.3d 351, 354 (Tex.App.-Houston
[14th Dist.] 1999, pet. dism'd w.o.j.) (interlocutory appeal not permitted by Dean of College
and another individual, whose employment status was not identified, but no indication is
given as to whether they were sued in an individual or official capacity); Johnson v.
Resendez, 993 S.W.2d 723, 728 (Tex.App.-Dallas 1999), appeal dismissed, 52 S.W.3d
689 (Tex. 2001) (interlocutory appeal not permitted by two employees sued in both
individual and official capacities); Dallas County Cmty. Coll. Dist. v. Bolton, 990 S.W.2d
465, 467 (Tex.App.-Dallas 1999, no pet.) (interlocutory appeal not permitted by trustees
sued only in their official capacities).
3. And without presuming on any ruling the trial court may later make on appellants'
special exceptions.
4. In addition to the pending criminal cases, it would appear that a civil forfeiture
proceeding under chapter 18 of the Code of Criminal Procedure is pending. In its recent
opinion in Hardy v. State, 102 S.W.3d 123 (Tex. 2003), the supreme court stated that a
forfeiture proceeding begins when the State presents to a magistrate an affidavit seeking
a search warrant. Id. at 127.
5. In a later appeal in the same case, and based on the reasons stated in its earlier
opinion, the court reversed the trial court's denial of a plea to its jurisdiction asserted by the
State to the extent that the plaintiffs sought the return of property seized pursuant to the
search warrants. Cornyn v. Monetizemedia.com, Inc., No. 01-00-00887-CV
(Tex.App.-Houston [1st Dist.] Oct. 5, 2000, no pet.) (not designated for publication), 2000
Tex.App. LEXIS 6677.




fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-09-0344.cr%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-09-0344.cr%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-09-0344.cr%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-09-0344.cr%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-page-numbers:1;
 mso-title-page:yes;
 mso-footer:url("07-09-0344.cr%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-09-0344.cr%20opinion_files/header.htm") f2;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->








NO. 07-09-00344-CR, 07-09-00345-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 MARCH 12, 2010



 



 

ROBERT TIJERINA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17408-0710, A17409-0710; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ABATE AND REMAND

 

Appellant, Robert Tijerina,
appeals from his conviction for driving while intoxicated, third or more, and
sentence of 55 years incarceration in the Texas
Department of Criminal Justice, Institutional Division.

After
one extension was granted, the clerk=s record was filed on January 13, 2010.  The reporter=s record was initially due on December 7, 2009.  On December 15, 2009, the Clerk of this Court
notified the reporter that the reporters record was past due and directed the
reporter to advise the Court of the status of the reporters record on or
before December 28, 2009.  On December
23, 2009, the reporter filed a request for extension of time to file the record
on the basis of the reporters caseload. 
On January 4, 2010, the Court granted that motion and extended the
deadline for filing the reporters record to January 15, 2010.  The reporter filed a second request for
extension of time to file the record on January 14, 2010, indicating that 14
and one half volumes of the 17 volume record had been completed.  On January 21, 2010, the Court granted the
motion and extended the deadline to February 16, 2010.  On February 23, 2010, the Clerk of this Court
again notified the reporter that the reporters record was past due and
directed the reporter to advise the Court of the status of the reporters
record on or before March 5, 2010.  On
March 5, 2010, the reporter again filed a request for extension of time to file
the record indicating that her caseload was preventing her from completing the
record.  We deny the reporter=s third request for extension of time
to file the reporter=s record as not being supported by
good cause.  

Accordingly,
we abate this appeal and remand the cause to the trial court for further
proceedings.  See Tex. R. App. P. 35.3(c).  Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine whether the reporter=s caseload is such that an alternate or substitute reporter
should or can be appointed to complete the record in this appeal in a timely
manner.  If so, the trial court is
directed to take whatever steps are necessary to ensure that the reporter=s record in this appeal is filed as
soon as practicable.

The
trial court shall cause the hearing to be transcribed.  In addition, the trial court shall (1)
execute findings of fact and conclusions of law addressing the foregoing
issues, (2) cause a supplemental clerk=s record to be developed containing its findings of fact and
conclusions of law and any orders it may issue relating to this matter, and (3)
cause a reporter=s record to be developed transcribing
the evidence and arguments presented at the aforementioned hearing, if
any.  The trial court shall then file the
supplemental clerk=s record and any reporter=s record transcribing the hearing
with the Clerk of this Court on or before April 7, 2010.  Should further time be needed by the trial
court to perform these tasks, same must be requested before April 7, 2010.

It is so
ordered.

Per Curiam

 

Do not publish.